[No. 12107.    Department One. — September 5, 1889.]

R. A. ROBINSON, APPELLANT, *v.* J. C. MERRILL ET AL., RESPONDENTS.

PRACTICE — VACATING DEFAULT JUDGMENT — DISCRETION AS TO IMPOSING TERMS. — It is not an abuse of discretion for the trial court to vacate a judgment by default, when the circumstances warrant it, without imposing terms as a condition to granting such relief.

APPEAL from an order of the Superior Court of Santa Clara County vacating a judgment.

The facts are stated in the opinion of the court.

*J. M. Wood,* for Appellant.

*G. B. Merrill,* for Respondents.

Fox, J.—The transcript shows that this was an action upon a street assessment. Complaint in the usual form, and alleging ownership of the land in all of the defendants. The answer of defendant Merrill traversed all the allegations of the complaint except that of ownership of the land. Default of the defendants Low and the Hibernia Savings and Loan Society was entered. On the 22d of January, 1883, it was by the court ordered that the case be stricken from the calendar, to be restored on notice. On the 31st of January, 1887, the plaintiff dismissed the case as against defendants Moses Ellis and John Doe (both of whom were owners in the land, according to the allegations of his complaint), and without amending his complaint, and in the absence of defendant Merrill,

who had answered, submitted his proofs, and took judgment against all the defendants except the two whom he had just dismissed. On the 4th of February, the matter came on for hearing on the application of defendant Merrill to vacate and set aside said judgment, notice of which application had been duly given, under an order made by the court on the 1st of February, shortening the time for such notice. The application or motion was heard on affidavits and the records of the court; and the attention of the court being called to the fact of the order of January 22, 1883, striking the case from the calendar, to be restored on notice, and it not appearing that any notice of motion to restore the case to the calendar had ever been given, and other reasons also appearing from the affidavit of the moving party, the court made an order vacating and setting aside the judgment entered in the cause, and that the cause be restored to the calendar, to be taken up on notice to be given by plaintiff to defendants. From this order the appeal is taken. Appellant makes the point that the ganting of this order was an abuse of judicial discretion, especially as he had paid out nine dollars costs of trial and entry of judgment, and that the order vacating the judgment was made without requiring the refunding of this sum. It does not appear from the record that any application was made to the court to impose terms as a condition of its order. If such application had been made, it would have been entirely in the discretion of the court to impose them or not; and from the facts appearing in this record it does not appear to us that it would have been any abuse of discretion to refuse such terms. The appeal is without merit, and the order appealed from is affirmed.

WORKS, J., and McFARLAND, J., concurred.