[No. 12310.   In Bank. — March 21, 1890.]

## JENNIE C. COTTRELL, Appellant, *v.* EDWARD M. COTTRELL, Respondent.

Divorce — Vacation of Judgment — Superior Court of San Francisco — Transfer of Cause without Notice — Failure to Appear at Trial — Discretion. — When an action of divorce, which is at issue upon a verified answer, has been set for trial in one department of the superior court, on a day upon which it is preceded by many causes ready for trial, which would probably prevent a hearing upon that day, and is transferred to another department of the same court for hearing upon the same day, at the instigation of the plaintiff, without notice to the defendant, and a judgment thereupon obtained upon an *ex parte* hearing, it is a proper exercise of the discretion of the court to vacate the judgment and grant a new trial, upon motion of the defendant, upon a show-

ing of the facts. Such matters are largely in the discretion of the trial court, and its decision will not be reviewed, unless an abuse of discretion appears.

Id. — DEPARTMENTS OF SUPERIOR COURT. — While the different departments of the superior court of San Francisco constitute, theoretically, one court, still, practically, for the purpose of the trial of causes, they are as distinct as other superior courts; and to transfer a cause from one department to another, and try it on the same day, without notice, is an abrupt proceeding, from which, at least in a divorce case, it is proper to relieve the absent party.

Id. — IMPOSITION OF COSTS — AFFIDAVIT OF MERITS — FAILURE TO USE AFFIDAVIT — BILL OF EXCEPTIONS. — The court is not now required by the Code of Civil Procedure to impose costs as a condition of vacating a judgment; nor is any affidavit of merits required upon a motion to vacate the judgment in a divorce suit; nor is the order erroneous because no affidavits were made or used, if the bill of exception shows a ground upon which the court might properly exercise its discretion in vacating the judgment.

Id. — PUBLIC NATURE OF DIVORCE SUIT. — The public has an interest in the result of every suit for divorce, and the policy and letter of the law concur in guarding against collusion and fraud; and it should be the aim of the court to afford the fullest possible hearing in such matters.

APPEAL from an order of the Superior Court of the city and county of San Francisco vacating a judgment of divorce.

The facts are stated in the opinion of the court.

*Robert Ash*, and *Ash & Matthews*, for Appellant.

*Taylor & Craig*, for Respondent.

McFARLAND, J. — This is an appeal by plaintiff from an order setting aside a judgment in her favor.

The action was for divorce, and the defendant had filed a verified answer denying all the averments of the complaint. On May 24, 1887, the presiding judge of the superior court of San Francisco made an order transferring the case from department No. 1 of said court, in which it was pending, to department No. 8 of said court. On the same day the case was taken up for trial in department No. 8, in the absence of defendant or his counsel, and judgment was on said day entered

for plaintiff.    Notice of the judgment was immediately served on defendant's counsel, who, on the same day, May 24, 1887, gave notice to plaintiff's counsel of a motion for an order to set aside the proceedings, "on the ground that the transfer of said cause from department No. 1 to department No. 8 was made without notice to or the consent of said defendant, and all proceedings had in said department No. 8 were without notice or knowledge of defendant or his counsel." On the day set for the hearing, the order was granted, and from this order plaintiff appeals.

Matters such as that involved here are largely in the discretion of the trial court, and we see in this case no abuse of discretion.    While the various departments of the superior court of San Francisco constitute, theoretically, one court, still, practically, for the purpose of trial of causes, they are distinct, as are other superior courts; and to transfer a case from one department to another, and try it on the same day, without any notice whatever to the opposite party, is a very abrupt proceeding, from which, in a divorce case, at least, it is not improper to relieve the absent party.

The order was not erroneous because no costs were imposed on the moving party.    The cases cited by appellant on that point were made when section 473 of the Code of Civil Procedure and section 687 of the former Practice Act expressly required the payment of costs as a condition of the relief.    There is no such requirement now.

No affidavit of merits is required on a motion of this character in a divorce suit.    (*McBlain* v. *McBlain,* 77 Cal. 607.)

The order was not erroneous because "no affidavits were made or used."    As above stated, no affidavit of merits was necessary; and there is no statutory provision requiring that proof of any other fact shall be made by affidavit, nor is there any decision of this

court to that effect. The bill of exceptions states that "it was then and there *shown* that, on the twenty-fourth day of May, 1889, there were on the trial calendar of that day, in department No. 1 of this court, twenty-five cases ahead of this cause; that on that day this cause was reassigned to department No. 8 of this court, and then brought to trial by plaintiff, without notice to defendant or his counsel, and in the absence of defendant and his counsel." (See stipulation.)

This, as before said, is an action for divorce; and the following language of Mr. Justice Paterson, in delivering the opinion of the court in *McBlain* v. *McBlain, supra,* may well be restated here: "The parties to the action are not the only people interested in the result thereof. The public has an interest in the result of every suit for divorce; the policy and the letter of the law concur in guarding against collusion and fraud; and it should be the aim of the court to afford the fullest possible hearing in such matters."

The order appealed from is affirmed.

PATERSON, J., FOX, J., SHARPSTEIN, J., BEATTY, C. J., and THORNTON, J., concurred.