(105 N. W. 1108.)

---

AMUND OLSON V. THE COUNTY OF SARGENT, NORTH DAKOTA, A. LAND, E. B. JOHNSON, ALBERT STEVENS AND J. W. STRAUB, AS COUNTY COMMISSIONERS OF SARGENT COUNTY; RICHARD MCCARTEN, AS AUDITOR OF SARGENT COUNTY; MANLEY T. JACOBSON, AS TREASURER OF SARGENT COUNTY, AND D. J. JONES, AS SHERIFF OF SARGENT COUNTY, DEFENDANTS AND RESPONDENTS.

Opinion filed February 14, 1906.

**Setting Aside a Default Judgment — Discretion of Court.**

1. Upon setting aside a default judgment and granting leave to serve an answer, upon grounds within the provisions of section 5298, Rev. Codes 1899, the trial court is vested with wide discretion, which will not be disturbed except in a clear case of abuse thereof.

**Same — Imposition of Costs — Terms Discretionary.**

2. In granting relief under section 5298, Rev. Codes 1899, the court is vested with an extremely wide discretion as to the imposition of costs or terms; and, if no terms are allowed, such action is not necessarily an abuse of discretion.

**Client May Settle Action Without His Attorney's Consent.**

3. A plaintiff in an action may settle the same and make a binding agreement to dismiss the action, without notice to and against the will of his attorney.

**Same — Settlement May Be Oral — Notice to Plaintiff's Attorney.**

4. If a plaintiff makes a settlement of the cause of action, it is not necessary that the same be in writing or filed, or that defendant notify the plaintiff's attorney of such settlement.

Appeal from District Court, Sargent county; *Lauder, J.*

Action by Amund Olson against the county of Sargent and others. From an order setting aside a default judgment and granting leave to answer, plaintiff appeals.

Affirmed.

*O. S. Sem,* for appellant.
*E. W. Bowen* and *J. E. Bishop,* for respondents.

MORGAN, C. J.   This is an appeal from an order setting aside a default judgment and granting the defendant leave to answer the complaint.   The facts are these:   The action was commenced on the 26th day of November, 1901, by the personal service of the summons and complaint.   Judgment by default was entered on January 14, 1903.   On December 1, 1903, the judgment was set aside on motion of the defendant after notice to the plaintiff, and leave was granted the defendant to interpose an answer.   The application to open up the judgment was regular in all respects. The district court did not allow any terms or costs to the plaintiff as a condition upon the opening up of the judgment.   This is the principal ground of objection to the order.   Upon the application to set aside the judgment the following facts were shown:   Within a few days after the service of the summons and complaint upon the defendants in the action, it being an action to set aside certain void taxes amounting to about $70 pretended to have been assessed against the plaintiff, the defendants settled the action with the plaintiff personally without the knowledge of the plaintiff's attorney, and in such settlement the plaintiff agreed to dismiss the action. The action was not dismissed, however, and plaintiff's attorney thereafter procured the entry of judgment without knowledge that the action had been settled by his client.   The defendants, relying upon such settlement, did not serve an answer nor take any further steps in the action until the motion was made to set aside the judgment.   It does not expressly appear when the defendant received actual notice that a judgment had been entered in the action.   Hence the question of laches in applying to be relieved from the judgment is not definitely presented.   The main contention of the plaintiff is that no terms were imposed as a condition to granting the motion.   Plaintiff's attorney had expended $12 in money as disbursements, and it is his contention that it was an abuse of discretion to allow the defendant to answer in the case

without compelling a payment to him of the money actually expended at least. The statute prescribes that judgments rendered against parties through their "mistake, inadvertence, surprise or excusable neglect" may be set aside "upon such terms as may be just."

Plaintiff contends that the statute should be construed as mandatory, and that some terms must in all cases be imposed. We are unable to concur in that view. The imposition of terms is a matter in which trial courts have an extremely wide discretion. Section 298, Rev. Codes 1899, vests such discretion in the trial court. It is not to be construed as prohibiting the opening of a judgment unless on terms. There are cases frequently arising in which it would be unjust to open the judgment on terms or conditions. Like statutes have been construed not to make it incumbent on the court to impose terms in every instance. Robinson v. Merrill, 80 Cal. 415, 22 Pac. 260; Warder v. Patterson, 6 Dak. 83, 50 N. W. 484; Cottrell v. Cottrell, 83 Cal. 457, 23 Pac. 531. There was no abuse of discretion in not allowing any terms or costs to the plaintiff as a condition upon setting aside the judgment.

It is next contended that the proposed answer failed to allege a meritorious defense. The defense set forth was that the action had been settled by the parties before the time to answer had expired, and that on such settlement the plaintiff had personally agreed to procure a dismissal of the action. Two objections are urged against the merits of the answer: (1) That the plaintiff had no right to settle the action in such a case. (2) That the settlement was unconscionable and secured through undue influence. The facts in this case are not distinguishable in principle from Paulson v. Lyson, 12 N. D. 354, 97 N. W. 533. In that case this court held that a party to an action controls the cause of action or defense and may settle the same contrary to the wishes and without the consent of his attorney. Whether the settlement entered into was valid and binding is not reviewable on this appeal, nor was it a proper matter for consideration before the court below. The answer stated a valid defense and that was sufficient. The merits of the same as a defense cannot be litigated on affidavits. Griswold Linseed Oil Co. v. Lee (S. D.) 47 N. W. 955, 36 Am. St. Rep. 761. If the facts set forth in the answer were not true or the settlement was procured through fraud or undue influence, the answer can be disproved on the trial. In this case we think

that the state's attorney was not derelict in his duty in not securing a dismissal of the action after the settlement was made. He had a right to rely upon the agreement of the plaintiff that the action would be dismissed. It was through the plaintiff's fault that his attorney was put to the unnecessary trouble and costs.

Plaintiff's attorney filed a notice of an attorney's lien in the clerk's office against the judgment for his costs and disbursements. It is claimed that this fact should entitled him to reimbursement for the money expended by him in procuring the judgment. This is not necessarily so. The lien did not change the position of the parties in any respect, except to give the defendant notice of the lien and thus secure to plaintiff the payment of his costs. A notice of attorney's lien has no force whatever in any case independent of the judgment. If the judgment falls for any reason, the lien falls also. The defendant did not notify plaintiff's attorney of the settlement. For that reason he claims he was misled and continued the proceedings to judgment, which would not have been done had he been notified of the settlement. This fact is urged as a forceful reason why the default should not have been set aside without at least giving him his costs as a condition precedent thereto. There is no provision requiring such notice, and there is no requirement that such settlement should be in writing or filed. There was no binding legal or moral obligation upon the defendant to notify plaintiff's attorney. Defendant had no reason to suppose that the attorney would not be informed of the fact by his client, and it cannot reasonably be said that any such obligation to give notice rested upon any one except the plaintiff. Whatever hardships have fallen upon the attorney are due to the plaintiff, and not to the defendant. There is nothing in Paulson v. Lyson to conflict with what is here said as to necessity of notice. What is said in that case on that subject refers to court proceedings—in that case a motion to dismiss the action.

The order is affirmed. All concur.