## C. A. Edwards v. Charles Eagles.

Opinion filed February 14, 1906.

**Appeal — Motion to Dismiss Record.**

On an appeal to this court from a judgment dismissing an appeal from a judgment of a justice of the peace, this court cannot review the judgment dismissing the appeal unless the motion to dismiss, or the grounds on which it is based, appear on the face of the record.

Appeal from District Court, Stutsman county; *Burke, J.*

Action by C. A. Edwards against Charles Eagles. Judgment for plaintiff, and defendant appeals.

Affirmed.

*J. A. Coffee,* for appellant.
*Parks & Olsberg,* for respondents.

MORGAN, C. J. The respondent recovered a judgment in justice court against the defendant and appellant for the sum of $4.50 damages and $17.05 costs. Defendant appealed from such judgment to the district court on questions of law only. In the district court the respondent made an oral motion to dismiss the appeal on the ground as counsel claims that the undertaking was defective.

The grounds of the motion do not appear in the record. There is a recital in the abstract that the motion was made "on the ground of defective appeal bond." The motion was granted by a written order and judgment of dismissal was subsequently entered. Neither the order nor the judgment state the grounds of the motion to dismiss the appeal nor the grounds on which the appeal was dismissed. They each recite simply that there was a motion to dismiss the appeal, and that the appeal was dismissed. No statement of the case was settled. The assignments of error in the brief are that it was error to dismiss the appeal, and further, that it was error not to grant the motion asking that permission be given to substitute a new bond. The motion is not made a part of the record by a statement of the case, and does not appear on the face of the judgment roll in any way, nor does the order contain any statement of the grounds on which the motion was made or granted. The appeal being from the judgment, and it not appearing what the ground of the motion was, we have nothing before us authorizing a review of the motion that was the basis of

the order dismissing the appeal. The bond is certified to this court as constituting a part of the judgment roll, but neither the motion nor the grounds thereof. It is perfectly consistent with the record before us that the motion was based on some defect not appearing on the face of the bond. Error does not appear on the face of the record, and the judgment could be reversed only by presuming error. The contrary presumption must prevail.

The judgment is affirmed. All concur.