[S. F. No. 6925.  Department Two.—July 27, 1916.]

## GEORGE McDONALD, Respondent, v. ANNIE Mc-DONALD, Appellant.

PRACTICE — MOTION TO SET ASIDE DEFAULT — AFFIDAVIT OF MERITS — EXAMINATION INTO TRUTH OF DEFENSE.—On a motion to set aside a default the courts will not, as a general rule, examine into the truth of a defense where the affidavit of merits contains a statement of facts sufficient to constitute a defense.

ID.—TAKING TESTIMONY ON HEARING—DENIAL OF MOTION—APPEAL—ABSENCE OF TESTIMONY FROM RECORD—PRESUMPTION.—Where on the hearing of such motion both parties offered oral testimony without objection being made to its admissibility, it must be presumed on appeal, in the absence of the testimony from the record, that an order in general language denying the motion was supported by the undisclosed testimony.

ID.—REBUTTAL OF EXCUSE OF DEFAULTING PARTY.—While it is not competent to try the merits of a defense upon the hearing of such motion, it is always within the rights of the plaintiff to rebut if possible the excuse offered by the litigant against whom the default has been taken.

ID.—DISCRETION OF TRIAL COURT—APPEAL.—An application to set aside a default is addressed to the sound legal discretion of the court, and its action in granting or denying it will not be disturbed on appeal unless a clear abuse of such discretion is shown.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  Adolphus E. Graupner, Judge.

The facts are stated in the opinion of the court.

Arthur Crane, for Appellant.

James M. Hanley, for Respondent.

MELVIN, J.—Defendant appeals from an adverse judgment.

The action was one in which plaintiff sued for divorce on the ground of cruelty.  On October 7, 1913, the default of defendant, Annie McDonald, was entered.  Thereafter she gave notice of motion for an order setting aside the default and for a further order dismissing the action, announcing

that the motion for the order opening the default would be based upon the ground of her excusable neglect, inadvertence, and surprise, while the other relief would be demanded upon a showing of condonation occurring since the commencement of the action. The notice of motion was accompanied by an affidavit of Annie McDonald in which she deposed that she and the plaintiff had lived together after the commencement of the suit for divorce and had agreed to dismiss said action; that depending upon plaintiff's promise to dismiss the suit she did not cause an answer to be filed; and that she had "fully and fairly stated the facts" in the "action" to her counsel, who advised her that she had "a good and meritorious defense to said action." The motion came on for hearing on October 15, 1913. Defendant was called and examined upon her affidavit, and plaintiff and another witness were called and examined, and the court made an order denying the motion to set aside the default. To this defendant excepted upon the grounds that said order was an abuse of the court's discretion, that it was in excess of jurisdiction, and that it was against law.

On October 20, 1913, the cause came on regularly for trial, both parties to the action being represented by counsel and the defendant being personally in court. Judgment was given for plaintiff as prayed and an interlocutory decree was made and entered.

Defendant insists that upon a motion to open a default it is not permissible to inquire into the truth of an affidavit of merits, citing *Francis* v. *Cox*, 33 Cal. 323; *Gracier* v. *Weir*, 45 Cal. 53; *Douglass* v. *Todd*, 96 Cal. 655, [31 Am. St. Rep. 247, 31 Pac. 623]. Undoubtedly courts will not as a general rule examine into the truth of a defense where an affidavit of merits contains a statement of facts sufficient to constitute a defense, but this rule does not aid appellant in the case at bar, because it does not appear from the record that the falsity of the defense asserted by defendant was the only ground upon which the court refused to set aside the default. The bill of exceptions contains no word of the oral testimony given at the hearing. So far as the record shows this testimony went in without objection, and appellant questions its admissibility for the first time on appeal. The order made by the court may have been supported by ample proof that defendant's asserted excuses for permitting the entry of the

default were in fact utterly nonexistent. It is true that the transcript does contain this language: "It appearing to the court from the testimony introduced that the claim of said defendant that she has a meritorious defense to said action is untrue." But the quoted words are followed by this statement: "and the court being fully advised in the premises made and entered its order." The order itself is in general language, and in view of the presumption in favor of the regularity of all proceedings of a court of record we are bound to hold that the undisclosed testimony was sufficient to support the order. While it is not competent to try the merits of a defense upon the hearing of such a motion as this, it is always within the rights of the plaintiff to rebut, if possible, the excuse offered by the litigant against whom the default has been taken. That testimony was offered at the hearing by both parties to the proceedings appears in the record. It does not appear, however, what that testimony was, and we are bound to decide that it supported the conclusion reached by the court.

An application of this kind is addressed to the sound legal discretion of the court, and its action in granting or denying the prayer of the petitioner will not be disturbed on appeal unless a clear abuse of such discretion is shown. (*Morton* v. *Morton,* 117 Cal. 443–446, [49 Pac. 557].) Appellant having failed to show abuse of discretion the order as made by the court below must stand.

The judgment is affirmed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.