[Civ. No. 8092.  First Appellate District, Division Two.—September 26, 1931.]

CHARLES A. JOHNSON, Respondent, v. LULU E. JOHNSON, Appellant.

Carroll Allen for Appellant.

G. P. Adams and W. W. Orme for Respondent.

JAMISON, J., *pro tem.*—Plaintiff commenced this action for divorce charging extreme cruelty upon the part of his wife. Defendant answered, denying the allegations of the complaint and filed a cross-complaint for maintenance and charging that plaintiff, her husband, had inflicted extreme cruelty upon her. On July 15, 1929, the case came on regularly for trial, both parties to the action being represented by counsel and the defendant being personally present in court. Thereupon evidence upon the part of both plaintiff and defendant was produced before the court. Judgment was given for the plaintiff as prayed and an interlocutory decree was duly entered. Findings were waived by the respective parties.

On September 19, 1929, appellant filed a motion to set aside the said interlocutory decree upon the ground that it was entered against appellant through her mistake, inadvertence and excusable neglect, and in support of her motion she filed her affidavit to the effect that at the trial of said action she was represented by G. R. Lessing and that said Lessing waived findings, that she did not consent thereto, nor did she know that if said findings were waived that an appeal could not be taken except upon the judgment-roll. That she desires to appeal, but is advised that any appeal would be futile in the present condition of the record, and that said waiver of findings was taken against her through mistake, inadvertence and excusable neglect.

A counter-affidavit was filed by G. P. Adams, respondent's attorney, to the effect that appellant's attorney, G. R. Lessing, announced in open court and in the presence of appellant, that findings would be waived in said case and that a stipulation so stating was duly signed and filed in

said action. The motion was denied and from the order denying the said motion this appeal is prosecuted.

Section 283 of the Code of Civil Procedure provides that "An attorney and counselor shall have authority, 1. To bind his client in any of the steps of an action or proceeding by his agreement filed with the clerk or entered upon the minutes of the court, and not otherwise." In the absence of fraud the acts of an attorney in the ordinary conduct of a case will bind his client (*Preston* v. *Hill,* 50 Cal. 43 [19 Am. Rep. 647]; *Simpson* v. *Budd,* 91 Cal. 488 [27 Pac. 758]; *Clemens* v. *Gregg,* 34 Cal. App. 245 [167 Pac. 294]), and he may waive findings. (*Dougherty* v. *Friermuth,* 68 Cal. 240 [9 Pac. 98].) Appellant was present in court when her attorney agreed to the waiver of findings and made no protest against such waiver, nor does she claim that the said waiver was brought about through fraud or collusion. We find nothing in her motion nor in her affidavit supporting same nor in the record which would justify a reversal. So far as anything to the contrary is shown, she had a full and fair trial on the merits of the case. An application of this kind is addressed to the sound legal discretion of the court and its action in granting or denying the prayer of appellant will not be disturbed unless clear abuse of such discretion is shown. (*Mills* v. *Mills,* 101 Cal. App. 248 [281 Pac. 707]; *McDonald* v. *McDonald,* 173 Cal. 175 [159 Pac. 426]; *Cottrell* v. *Cottrell,* 83 Cal. 457 [23 Pac. 531].) Appellant has not shown any abuse of discretion on the part of the trial court, therefore the order denying the motion is affirmed.

Nourse, P. J., and Spence, J., concurred.