[Civ. No. 7161.   Third Dist.   Oct. 23, 1945.]

FRANCES LAURA TRUJILLO, Respondent, v. MANUEL TRUJILLO, Appellant.

Joseph Scott, G. L. McFarland, R. B. Hibbitt and J. Howard Ziemann for Appellant.

Horace H. Appel and Grover W. Bedeau for Respondent.

THOMPSON, J.—An interlocutory decree of divorce was entered November 21, 1944, against the defendant on the ground of extreme cruelty. An infant child was awarded to the custody of plaintiff. She was also granted $140 per month for maintenance of the child, and attorney's fees. Upon notice the defendant on December 19, 1944, moved to set aside the interlocutory decree and his previous default, with leave to appear and answer the complaint, under section 473 of the Code of Civil Procedure, on the ground of plaintiff's alleged failure to serve him with process. At the same time he also moved for a change of place of trial. The motions were heard on affidavits of the respective parties. The evidence was conflicting on the question of previous service of summons and complaint. January 18, 1945, the motions were denied. The defendant gave notice of appeal January 22, 1945, from the interlocutory decree, from the order awarding plaintiff custody of the child and maintenance, from the entry of default and from the order denying the motion to vacate the interlocutory decree.

The appeal from the interlocutory decree was perfected within sixty days from the time of entry as required by section 939 of the Code of Civil Procedure, estimated pursuant to section 12a of the same code. That decree was entered November 21, 1944. Thanksgiving Day, which was proclaimed by both the President and the Governor, was included in the period of limitation. That holiday had the effect of extending the time one day. (Code Civ. Proc., § 12a, subd. (b).) The last day therefore fell on Sunday, January 21st,

which extended the time, under that section, to the following day, upon which the notice of appeal was actually filed. The appeal from that decree was therefore not too late.

█ The separate preliminary order, made October 20, 1944, awarding the custody of the minor child to plaintiff pending the action, was not appealed from within sixty days thereafter. Assuming, without so deciding, that an appeal lies from that order, no appeal was perfected until January 22, 1945, which was too late to become effectual.

█ The validity of the default of the defendant is involved on the appeal from the order denying the motion to set it and the interlocutory decree aside under sections 473 and 473a of the Code of Civil Procedure for alleged failure to serve process of the action on the defendant as required by law. There is no appeal from the mere entry of default, but the validity of that proceeding will be determined by our disposition of the appeal from the order denying defendant's motion to set the interlocutory decree aside for mistake, inadvertence and lack of notice of the pendency of the divorce suit.

█ The complaint for divorce was filed in Sacramento County, and summons was issued on October 6, 1944. Affidavit of service of process on the defendant was filed. The default of the defendant for failure to appear or answer the complaint was duly entered November 20, 1944. The interlocutory decree of divorce was entered the following day. The motion to set aside the default and the interlocutory decree was made on December 19, 1944, upon affidavits of the respective parties. The evidence regarding the due service of the summons, complaint and order to show cause, is conflicting. The affidavit of D. Giss avers that he was experienced in serving processes in legal actions, including divorce proceedings, having done so for a period of twenty years; that on October 10, 1944, he personally served upon the defendant, at his place of employment in Los Angeles, copies of the complaint, summons and an order to show cause, by reading to him the order to show cause and explaining the nature of the documents and the necessity of appearing and answering in the action, and by leaving with him the copies thereof. The affiant averred that the defendant attempted to avoid service of process by entering his automobile which was parked on a street near his place of business with the door of the car locked, but that the window adjacent to which the affiant stood was at first open; that the affiant explained to

the defendant the nature of the documents which he attempted to serve and read to him the order to show cause "in a loud and clear voice," but that the defendant rolled the window up and refused to accept the documents; that the affiant then placed them under the windshield wiper in plain view of the defendant, who first tried to dislodge the papers by starting the windshield wiper, but failed to do so until after he had driven away. The defendant's affidavits varied somewhat on the essential circumstances of that transaction. He admitted the presence of Mr. Giss at the time and place of the attempted service but insisted that he did not know what it was all about, or that any suit had been filed against him. He stated that, while Giss did talk to him, he failed to hear what he said because the window was closed. He admitted that the documents were placed under the windshield wiper, and that when he drove away they were dislodged and lost and that he never learned of their nature or contents.

Upon the foregoing conflict of evidence, the court found that the defendant was duly served with the summons and complaint in the divorce action, in Los Angeles, on October 12, 1944, and that his default for failure to appear or answer the complaint was duly entered, and the court thereupon denied the motion on January 18, 1945, to set aside the default or the interlocutory decree of divorce. The court was warranted in assuming the truth of the averments of Mr. Giss that he left the copies of the documents in the custody and control of the defendant with an explanation of the nature thereof, and that the defendant knew the nature of the documents and the purpose of leaving them with him, but deliberately attempted to avoid service by dislodging them from the windshield wiper. The evidence adequately supports the finding of due personal service of process, and warrants the denial of defendant's motion to vacate the interlocutory judgment.

Upon motion, under sections 473 and 473a of the Code of Civil Procedure, to set aside an interlocutory decree of divorce or a final judgment, where the evidence is conflicting, the court has a sound discretion to grant or deny the motion, and in the absence of a clear showing of abuse of discretion, the order will not be interfered with on appeal therefrom. (*Beard* v. *Beard,* 16 Cal.2d 645 [107 P.2d 385]; *Johnson* v. *Johnson,* 117 Cal.App. 145 [3 P.2d 587]; *McDonald* v. *McDonald,* 173 Cal. 175 [159 P. 426]; *Riskin* v. *Towers,* 24 Cal.2d 274, 280 [148 P.2d 611, 153 A.L.R. 442]; *Zuver* v.

*General Development Co.*, 136 Cal.App. 411 [28 P.2d 939]; 14 Cal.Jur. p. 1072, § 115.)

The interlocutory decree of divorce, including the award of custody of the minor child and for maintenance contained therein, and the order denying relief under sections 473 and 473a of the Code of Civil Procedure, are affirmed.

Adams, P. J., and Peek, J., concurred.