[Civ. No. 32301.   Second Dist., Div. One.   Nov. 7, 1968.]

CRESCENDO CORPORATION, Plaintiff and Respondent, v. SHELTED, INC., Defendant and Appellant.

Byron J. Walters and Robert McCay for Defendant and Appellant.

Fine & Pope and Irwin O. Spiegel for Plaintiff and Respondent.

FOURT, J.—Shelted, Inc., appeals from a default judgment entered against it in an action for unlawful detainer instituted by Crescendo Corporation. Shelted's sole contention on appeal is that the attempted service of summons and complaint on one of Shelted's officers was insufficient.

Shelted, Inc., occupied premises on Sunset Boulevard in Los Angeles, California, under a written agreement of sublease with the primary tenant, Crescendo. By January 1967, Shelted owed Crescendo rent arrearages of $1,200 per month for the preceding five months or a total amount of $6,000. On January 4, 1967, Crescendo served Shelted with a three-day notice to pay rent or quit, declaring a forfeiture of the sublease under which Shelted occupied the premises. Raul Mistos, Jr., of the Beverly Hills Attorney Service served the three-day notice on Carl Greenhouse, a Shelted officer, at his residence in Torrance, California, and Shelted acknowledges proper service of such notice.

On January 10, 1967, Crescendo commenced the present unlawful detainer action alleging in its complaint that Shelted refused either to pay rent or to surrender possession of the premises as demanded in the three-day notice. A copy of the summons and complaint was once again given to Mistos for service on Shelted, and Mistos testified that on January 12, 1967, he once again visited the Greenhouse residence with these documents. As he knocked on the apartment door he heard a man's voice say that if the call was for him, to say that he was not at home. Immediately thereafter a woman opened the door and Mistos could see lying on the divan in the apartment a man whom he recognized from his earlier meeting as Carl Greenhouse. The woman, however, said that Carl Greenhouse was not at home and slammed the door on him when Mistos stated loudly that he was serving Greenhouse with a copy of the unlawful detainer. Mistos took the documents out to the carport where he found a car registered to Carl Greenhouse. He placed the papers under the windshield wiper so that they could not blow away and executed the standard form of declaration of service indicating that service took place on January 12, 1967.

Greenhouse testified at the court hearing to set aside Shelted's default, that on the morning of January 13, 1967, he found the copy of the summons and complaint under the windshield wiper of his car. He noted that these legal documents related to Shelted and Crescendo. He advised Shelted's other officers and directors and a day or two later he consulted an attorney on the subject. Shelted made no appearance in the unlawful detainer action and a default judgment was entered against it on January 31, 1967.

On February 23, 1967, appellant noticed a motion to vacate the default and judgment on grounds that Shelted was not

served with a copy of the summons and complaint and that another action involving possession of the same premises was currently pending between the same parties The motion was accompanied by Greenhouse's affidavit denying service and indicating that Shelted had filed its answer in the related pending action. Shelted's attorney filed a supporting affidavit stating that on the basis of information supplied to him by Greenhouse he believed Shelted had a good defense on the merits to the action in unlawful detainer. On March 7, 1967, the motion was denied.

■ ''Personal service usually contemplates actual delivery. But the person on whom service is sought may not, by merely declining to take the document offered, deny the personal service on the ground of lack of delivery, where under the circumstances it would be obvious to a reasonable person that a personal service was being attempted. In such a case the service may be made by merely depositing the process in some appropriate place where it would be most likely to come to the attention of the person being served.'' (40 Cal.Jur.2d 66.)

The trial court determined on conflicting evidence that Mistos attempted to make personal service and did effect good and sufficient service on Greenhouse on behalf of Shelted. Mistos' declaration discloses that he went to the apartment, saw Greenhouse at his residence, and was prevented from making manual delivery to him by Greenhouse's wife who, at her husband's request, intercepted the service. Greenhouse, on the other hand, denied in court that he was home on the evening of January 12, 1967, and a witness corroborated his testimony. ■ The credibility of the testimony offered by the parties is properly determined by the trier of fact, and its determination is binding on an appellate court if supported by substantial evidence. ''The only ground upon which the corporation based its motion was that it had not been served with summons in the action, and upon this question the evidence was not only squarely conflicting, but in our judgment preponderated against its contention. In such a case we cannot disturb the order, there being nothing to indicate an abuse of discretion in denying the relief.'' (*Foley* v. *Foley,* 120 Cal. 33, 38 [52 P. 122, 65 Am.St.Rep. 147].)

■ In the present case the trial court received Greenhouse's affidavit, filed on February 23, 1967, in which he falsely stated under oath that ''he had no information or knowledge of this case until on or about February 17, 1967.''

He subsequently admitted in court that he received the copy of summons and complaint on the morning of January 13, 1967, when he found it behind his windshield wiper, and that he discussed the matter with a lawyer and the other directors of the defendant corporation within the following day or two. The default judgment was not entered until January 31, 1967.

The individual upon whom the process server attempts to make personal service by manual delivery may not be heard to claim that service was improper because he refused to accept service. (*In re Ball*, 2 Cal.App.2d 578 [38 P.2d 411].) The evidence is sufficient to support the court's necessarily implied finding that the process server attempted to deliver the summons and complaint to Greenhouse personally but was prevented from so doing by Greenhouse himself.

■ "Upon motion, under section 473 and 473a of the Code of Civil Procedure, to set aside an interlocutory decree . . . or a final judgment, where the evidence is conflicting, the court has a sound discretion to grant or deny the motion, and in the absence of a clear showing of abuse of discretion, the order will not be interfered with on appeal therefrom. [Citations.]" (*Trujillo* v. *Trujillo*, 71 Cal.App.2d 257, 260-261 [162 P.2d 640].)

■ Appellant further questions whether the requirements of due process were satisfied by the service made in this instance. Constitutional due process requirements are satisfied where the form of service provided and employed is reasonably calculated to give a litigant actual notice of the proceedings and an opportunity to be heard. (*Milliken* v. *Meyer*, 311 U.S. 457, 462-463 [85 L.Ed. 278, 282-283, 61 S.Ct. 339, 132 A.L.R. 1357].) "The rendition of a valid personal judgment against a defendant requires that he be a member of the class subject to . . . [the court's] power and that he have proper notification of the action, with an opportunity to appear therein." (*Allen* v. *Superior Court*, 41 Cal.2d 306, 309 [259 P.2d 905].) ■ The facts of the present case fulfill due process requirements.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 30, 1968.