Filed 10/28/24  Luxury Lease Company v. Maldonado CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| LUXURY LEASE COMPANY, Plaintiff and Respondent, v. JORGE MALDONADO, Defendant and Appellant. | B324154 (Los Angeles County Super. Ct. No. 21STCV21812) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Randolph M. Hammock, Judge.  Affirmed.

Law Office of Gary Kurtz and Gary Kurtz for Defendant and Appellant.

Herzlich, Blum & Roza and Marta Roza for Plaintiff and Respondent.

_____

Defendant and appellant Jorge Maldonado appeals from a judgment after the trial court denied his motion to set aside a default and vacate a default judgment entered in favor of plaintiff and respondent Luxury Lease Company (Luxury Lease). Luxury Lease sued Maldonado after Maldonado leased a car from Luxury Lease and then stopped making lease payments.

After Maldonado failed to answer the complaint, the trial court entered a default against Maldonado and granted Luxury Lease's motion for default judgment. Maldonado moved to set aside the default and vacate the default judgment under Code of Civil Procedure[1] sections 473, subdivision (d), and 473.5, alleging that service was never effectuated. After holding an evidentiary hearing, the trial court conditionally granted Maldonado's motion on the condition he answer the complaint. The trial court also allowed Luxury Lease's counsel to hold in a client trust account the money it had already seized from Maldonado while the case was pending. After Maldonado failed to answer the complaint, the trial court denied the motion.

On appeal, Maldonado argues the trial court erred in denying the motion, arguing there was insufficient evidence to support the trial court's conclusion that personal service was effectuated. He also argues the trial court abused its discretion by imposing an unlawful and unreasonable condition in allowing Luxury Lease's counsel to keep the seized money.

For the reasons stated below, we affirm.

---

[1]     All further undesignated statutory references are to the Code of Civil Procedure.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 11, 2021, Luxury Lease sued Maldonado for nonpayment on the lease of a 2018 Lamborghini Aventador, alleging causes of action for: (1) breach of contract, (2) quantum meruit, and (3) open book account. Luxury Lease alleged Maldonado still owed the principal amount of $452,013.21 under the terms of the lease agreement.

On the proof of service on the summons and complaint, the process server indicated Maldonado was personally served on July 15, 2021 at a residence where Maldonado was purportedly living at the time. The residence was located in a gated community with a gatekeeper, who confirmed Maldonado lived at the residence. The proof of service describes four unsuccessful attempts to serve Maldonado at this location. On the fifth attempt, the process server witnessed Maldonado leaving the residence's garage and waved him down to give him the summons and complaint. According to the process server, Maldonado "[t]ried to say he wasn't [the] subject and that no one by that name lived at [the] residence and then drove away." The process server then "left [the] doc[uments] by [the] front door" and declared he verified Maldonado's "identity . . . by photograph."

On September 7, 2021, Luxury Lease filed a request for entry of default judgment against Maldonado. On October 27, 2021, the trial court entered a default judgment in favor of Luxury Lease in the amount of $485,930.29. Luxury Lease then executed a bank levy on a safety deposit box held in Maldonado's name, collecting approximately $107,000 in cash. On June 29, 2022, Maldonado filed a motion to set aside the default and vacate the default judgment on the grounds the trial court never obtained jurisdiction over him because the summons and

3

complaint were never properly served. Maldonado also asked that the money already seized be returned.

The trial court held an evidentiary hearing on Maldonado's motion. The process server testified that he spoke to a security guard, who confirmed Maldonado's name was still on the gated community's system as living at that address. The process server also positively identified Maldonado at the hearing, stating there was "[n]o doubt" in his mind that Maldonado was the driver of the vehicle. He further testified that when he waved down the car, the driver stopped and rolled down the window, and he identified Maldonado as the driver. During the interaction, the process server was approximately one foot away from the driver when he said, "I'm dropping off some legal documents for Jorge Maldonado. . . . You're Jorge Maldonado? I have documents for you." The driver denied being Maldonado, rolled up the window and drove away before the process server could say anything else. As the car drove away, the process server yelled, "You've been served" and left the documents, without an envelope, by the front door of the house where the car had left the garage. The process server did not follow up by mailing the documents because he believed he had effectuated personal service.

Maldonado also testified. He stated that he was not the driver of the vehicle approached by the process server and he was not at the location listed on the proof of service on the date of service. Maldonado declared that it was impossible for him to be at the location of service because he was shopping with his girlfriend at another location miles away. He also testified that he had moved out from that location approximately two weeks earlier from the date of service. Maldonado provided a copy of a lease for another residence that began one month earlier, as well

4

as a declaration from his previous landlord that the residence listed on the proof of service was no longer occupied as it was undergoing renovations. Maldonado claimed that he had never received any documents related to the lawsuit and only found out he had been sued when his bank notified him that his money had been seized.

At the conclusion of the evidentiary hearing, the trial court conditionally granted Maldonado's motion to set aside the default and vacate the default judgment. "After weighing all of the submitted evidence, and after considering the demeanor and potential motives of each of the witnesses, this [c]ourt finds that it was more likely than not that it was [Maldonado] who was the person present at the time of the service [of] process. Indeed, common[ ] sense confirms this. This [c]ourt found the process server's testimony very credible; the same cannot be said for [Maldonado's] testimony. In view of [the] many facts, [Maldonado's] story did not ring true. [¶] As such, it appears that [Maldonado] has attempted to commit a fraud upon this [c]ourt, and that he is undeserving of any relief whatsoever."

Despite its factual and credibility findings against Maldonado, the trial court conditionally granted the motion given the broad policy to determine cases on their merits. The trial court imposed the following terms and conditions: (1) Maldonado was required to file an answer to the complaint within 21 days; (2) while the case was pending, Luxury Lease's counsel would keep possession of, and not distribute or disburse, the previously seized funds in a client trust account; (3) upon completion of the case, those funds would be distributed accordingly to the appropriate party.

Maldonado failed to file an answer and the trial court deemed his failure as a rejection of its conditional ruling. It then denied the motion to set aside the default and vacate the default judgment. It further ordered Maldonado to file a partial satisfaction of judgment based upon the seized money.

Maldonado appealed.

## DISCUSSION

### I.     Governing law and standard of review

A party may move to set aside a default judgment under section 473, subdivision (b), on the grounds that the default resulted from mistake, inadvertence, surprise, or excusable neglect. The moving party bears the burden of showing good cause for relief. (*Manson, Iver & York v. Black* (2009) 176 Cal.App.4th 36, 42.)

A party may also move to set aside a default or default judgment under section 473.5, subdivision (a), if "service of a summons has not resulted in actual notice to a party in time to defend the action." The party's motion must be accompanied by an affidavit stating his or her lack of actual notice in time to defend the action was not caused by his or her avoidance of service or inexcusable neglect. (*Id*., subd. (b).)

We review an order granting or denying relief under section 473, subdivision (b), or section 473.5 under the abuse of discretion standard. (*McClain v. Kissler* (2019) 39 Cal.App.5th 399, 413 [§ 473, subd. (b)]; *Rios v. Singh* (2021) 65 Cal.App.5th 871, 885 [§ 473.5].) We liberally construe the provisions of sections 473, subdivision (b), and 473.5 given the law favors the determination of actions on their merits. (*Elston v. City of Turlock* (1985) 38 Cal.3d 227, 233; *Maynard v. Brandon* (2005) 36 Cal.4th 364, 371–372 (*Maynard*).) Accordingly, we resolve any

6

doubts in favor of the party seeking relief from default. (*Maynard*, at p. 372.)

"The test for abuse of discretion is traditionally recited as whether the trial court's decision exceeded the bounds of reason. [Citation.] In more practical terms, the abuse of discretion standard measures whether, in light of the evidence, the lower court's decision falls within the permissible range of options set by the legal criteria. [Citation.] The scope of the court's discretion is limited by law governing the subject of the action taken. [Citation.] An action that transgresses the bounds of the applicable legal principles is deemed an abuse of discretion. [Citation.] A trial court's decision is an abuse of discretion if it is based on an error of law [citations] or if the court's factual findings are not supported by substantial evidence." (*Shapell SoCal Rental Properties, LLC v. Chico's FAS, Inc.* (2022) 85 Cal.App.5th 198, 213.)

## II. Analysis

Maldonado makes three arguments in support of his contention that the trial court's order denying his motion to set aside the default and vacate the default judgment should be reversed. First, he argues, even if we accept the process server's statements as true, the facts are insufficient as a matter of law to support the finding that Maldonado was personally served. Second, he argues, to the extent the trial court's findings were sufficient to prove he was personally served, the trial court's findings were not supported by substantial evidence. Last, he argues the trial court abused its discretion by imposing an unlawful and unreasonable condition in allowing Luxury Lease's counsel to keep the seized money while the case was pending. Maldonado's arguments are without merit.

7

Maldonado's first argument is that the process server failed to personally serve him based on the process server's interaction with Maldonado before Maldonado drove away and by leaving the documents at the doorstep of Maldonado's purported residence. Essentially, Maldonado argues, because the process server was close enough to hand the summons and complaint to Maldonado through the car's open window, he should have done so. In addition, Maldonado asserts the process server did not give Maldonado any reason to stay at the location and then left the documents on the doorstep of Maldonado's purported residence where they could be blown away, which was insufficient to effectuate personal service.

We are unpersuaded. While personal service " 'usually contemplates actual delivery,' 'the person on whom service is sought may not, by merely declining to take the document offered, deny the personal service on the ground of lack of delivery, where under the circumstances it would be obvious to a reasonable person that a personal service was being attempted.' " (*Crescendo Corp. v. Shelted, Inc.* (1968) 267 Cal.App.2d 209, 212 (*Crescendo*).) " 'In such a case the service may be made by merely depositing the process in some appropriate place where it would be most likely to come to the attention of the person being served.' " (*Ibid.*)

Assuming the truth of the process server's statements, which Maldonado has asked us to do here for the sake of his argument, the trial court correctly found Maldonado was personally served after he tried to evade service. "The process server made five attempts to serve [Maldonado]. On the fifth, the server instructed [Maldonado] that he had some 'legal documents to serve upon him,' but [Maldonado] drove away. It was

8

reasonable, then, to leave the documents at the front door of the residence which [Maldonado] was leaving because it 'would be obvious to a reasonable person that a personal service was being attempted.' "

While Maldonado asks us to accept the process server's testimony that Maldonado was the driver of the car, he also asks us to assume he did not attempt to evade service when he drove away. Essentially, Maldonado asks us to accept his and reject Luxury Lease's characterization of the facts by reweighing the evidence. For example, he directs us to the trial court's statements that the process server's identification of him was questionable and there was some evidence that Maldonado no longer lived at the address where the process server purportedly effectuated service. However, while the trial court acknowledged these factual issues, it rejected Maldonado's characterization of the facts when it conditionally granted his motion, finding him not credible and attempting to commit a fraud on the court. Likewise, the trial court also rejected his contention that leaving the documents at the doorstep was insufficient to effectuate personal service after Maldonado drove away from the process server because it was clear that Maldonado was evading service. Thus, the established facts show that the process server identified Maldonado, tried to give him a copy of the summons and complaint, and Maldonado drove off before the process server could do so. Based on these facts, the trial court correctly concluded the process server personally served Maldonado and Maldonado could not deny the personal service on the ground of lack of delivery, where he attempted to evade personal service. (*Crescendo, supra,* 267 Cal.App.2d at p. 212.) As the reviewing court, we are bound by the trial court's findings, and we will not

9

reweigh evidence or judge the credibility of witnesses on appeal. (*Road Sprinkler Fitters Local Union No. 669 v. G & G Fire Sprinklers, Inc.* (2002) 102 Cal.App.4th 765, 781 (*Road Sprinkler*).) Thus, Maldonado has not met his burden to show error by recharacterizing the evidence and asking us to accept that characterization on appeal.

This leads us to Maldonado's second argument—that the trial court's findings were not supported by substantial evidence. Like Maldonado's first argument, he directs us to conflicts in the evidence, specifically, the disparate testimony about whether he was in the car identified by the process server or whether he still lived at the residence where the documents were left. Effectively, Maldonado asks us to ignore the process server's testimony, which the trial court clearly believed, and substitute his own version of events, which the trial court flatly rejected. As stated above, we do not reweigh evidence or judge the credibility of witnesses on appeal. (*Road Sprinkler*, *supra*, 102 Cal.App.4th at p. 781.) Therefore, Maldonado has failed to meet his burden to show the trial court's ruling was unsupported by substantial evidence.

Last, Maldonado argues the trial court's conditional grant of his motion was erroneous because the condition imposed, specifically, allowing Luxury Lease's counsel to keep the money seized while the lawsuit was pending, was unlawful and unreasonable. Notably, Maldonado first raised this argument in his reply brief. Therefore, in the absence of a good reason for why this argument was not presented earlier, we refuse to consider it. (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764.)

10

## DISPOSITION

The judgment is affirmed.  Respondent is awarded its costs on appeal.

VIRAMONTES, J.

WE CONCUR:

STRATTON, P. J.

GRIMES, J.