Filed 1/20/26  B.P. v. A.Z. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| B.P., Respondent, v. A.Z., Appellant. | D085310 (Super. Ct. No. 24HR010925C) |


APPEAL from an order of the Superior Court of San Diego County, Rebecca F. Zipp, Judge.  Affirmed.

A.Z., in pro. per., for Appellant.

B.P., in pro. per.; Law Offices of Casey D. Gish and Casey D. Gish for Respondent.


A.Z. appeals from an order granting B.P.'s request for a civil harassment restraining order (CHRO) on behalf of himself and his spouse P.I.  A.Z. contends that: (1) the trial court lacked personal jurisdiction over her because she was never served with the CHRO request; (2) the order must be set aside because she did not have notice and an opportunity to be heard;

(3) the trial court erred by granting the CHRO even though no default had been requested or entered against her; (4) there is no clear and convincing evidence of harassment or that the alleged harassment would continue or recur; and (5) the CHRO violated her First Amendment right to free speech. We reject these contentions and affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

The appellate record does not include a reporter's transcript or settled statement of the CHRO hearing or the exhibits admitted at the hearing, and the appellant's appendix is missing key documents, including the CHRO request itself. We do our best to summarize the factual and procedural background based on the limited record before us.

On September 13, 2024, attorney B.P. filed a request for CHRO against A.Z. on behalf of himself and P.I. The dispute apparently originated from two other cases, one in which B.P. represented a party who sued A.Z. in a consumer fraud matter relating to her sales of German Shepherd puppies, and another in which A.Z. sued B.P. for defamation for accusing her of being an "animal abuser."

The appellate record does not reflect whether the court issued a temporary CHRO pending the noticed hearing. The noticed hearing was originally set for October 7 then continued to November 14.

On November 4, B.P. filed a proof of service of the CHRO papers with the court. In the proof of service, a process server stated under penalty of perjury that he personally served A.Z. with the CHRO request, the notice of hearing, and the order continuing the hearing. The process server stated that he "personally gave copies of the documents" to A.Z. at a listed address in Los Angeles on October 24.

A.Z. did not file a response to the CHRO request and did not appear at the November 14 hearing before Judge Rebecca Zipp. The hearing was unreported. According to the minute order, B.P. and P.I. appeared with two witnesses. After hearing testimony and reviewing exhibits, Judge Zipp granted a three-year CHRO against A.Z. and imposed personal conduct and stay-away orders and a prohibition on possession of firearms, ammunition, and body armor.

Judge Zipp also ordered A.Z. to remove certain internet postings and explained this portion of her order as follows: "A court may restrain speech the court has adjudicated as unlawful, harassing, or defamatory. [¶] . . . [¶] [A.Z.]'s creation of the yelp web page for [B.P.] Law Office, as well as her posts about [B.P.] on [AZ].org constitute a knowing and willful course of conduct directed at [B.P.] that seriously alarms, annoys, and/or harasses him. These pages serve no legitimate purpose. I find that [A.Z.] created these sites and pages specifically to disseminate defamatory statements about [B.P.], and that [A.Z.] did use them solely to disseminate defamatory statements about [B.P.] [¶] [A.Z.] is ordered to remove these postings within 24 hours of being served with the court's civil harassment restraining order. [¶] [A.Z.] is further ordered to desist from posting additional content online regarding [B.P.], including his likeness, for the duration of the order, unless such content concerns her personal observations regarding [B.P.]. [A.Z.] is prohibited from making knowingly false statements about her legal matters involving [B.P.]."

After being served with the CHRO, A.Z. filed various papers including a request to terminate the CHRO, an application to disqualify Judge Zipp, and an application to quash service. In her supporting declarations, she asserted that she was never served with the CHRO request and had no notice

of the November 14 hearing. In opposition, B.P. filed a declaration stating that his investigator had set up a meeting with A.Z. and then the process server personally served her with the CHRO papers on October 24. The declaration included a photograph purportedly taken by the process server's wife which, according to B.P., showed the process server handing an envelope with the papers to A.Z. as she got into her car. The declaration also reproduced a purported text exchange between A.Z. and the investigator in which she accused him of trying to serve her while impersonating someone else. Finally, B.P. stated in his declaration that at a September 20, 2024 hearing in A.Z.'s defamation action against him, at which A.Z. appeared remotely, he stated in open court that he was attempting to serve her in this restraining order case.

From the register of actions, it appears that Judge Zipp held a hearing on A.Z.'s various applications on November 25. A.Z. subsequently filed a motion to disqualify counsel and another motion to dissolve the CHRO. Judge Zipp held another hearing on December 23. The appellant's appendix does not include the trial court's orders on any of these matters.

On December 19, A.Z. filed a notice of appeal solely from the November 14 order granting the CHRO. She has not appealed any of the court's subsequent orders or included them in the appellate record.

DISCUSSION

As noted, A.Z. appears to be raising five issues on appeal. We address each in turn.

First, A.Z. asserts that the trial court lacked jurisdiction over her because she was never served with the CHRO request and was not present at the CHRO hearing on November 14, 2024. The question whether personal service was made is "one of fact for the trial court" (*Rackov v. Rackov* (1958)

4

164 Cal.App.2d 566, 570) and its express or implied "determination is binding on an appellate court if supported by substantial evidence." (*Crescendo Corp. v. Shelted, Inc.* (1968) 267 Cal.App.2d 209, 212 (*Crescendo Corp.*).)

At the time of the CHRO hearing, the only evidence before the trial court on the service issue was the process server's proof of service stating under penalty of perjury that he personally served the CHRO papers on A.Z. on October 24, three weeks before the continued hearing date. According to the proof of service, the process server "personally gave copies of the documents" to A.Z. at a listed address in Los Angeles. "[T]he filing of a proof of service creates a rebuttable presumption that the service was proper . . . if the proof of service complies with the statutory requirements regarding such proofs." (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1441–1442 (*Dill*).) A.Z. does not contend that the proof of service failed to comply with any statutory requirements. The proof of service alone was sufficient to support the trial court's implied finding of personal service when it issued the CHRO.

Although A.Z. produced evidence *after* the CHRO hearing disputing that she was served with the CHRO papers, she has not appealed from the trial court's subsequent orders on her applications to quash service and terminate the CHRO. Nor has she included these orders in the appellate record. These orders are not properly before us in this appeal. (See *Morton v. Wagner* (2007) 156 Cal.App.4th 963, 967 ["it is the notice of appeal [that] defines the scope of the appeal by identifying the particular judgment or order being appealed"]; *Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173 ["The policy of liberally construing a notice of appeal in favor of its sufficiency . . . does not apply if the notice is so specific it cannot be read as reaching a judgment or order not mentioned at all"].)

5

Even if we were to consider the evidence produced after the CHRO hearing, however, we would still find substantial evidence of personal service. As noted, B.P. submitted a photograph of the process server standing close to A.Z. and handing her the CHRO papers with his arm outstretched towards her while she was getting into her vehicle on October 24. A.Z. does not dispute that the photograph does depict her and the process server on October 24 but claims that it is "proof of non-service" because it shows she "turned [her] back to that guy and [was] clearly entering the car and leaving without being served."

Even if true, this would not necessarily rebut the presumption of proper service arising from the filing of the proof of service. (*Dill, supra*, 24 Cal.App.4th at pp. 1441–1442.) "The individual upon whom the process server attempts to make personal service by manual delivery may not be heard to claim that service was improper because he refused to accept service." (*Crescendo Corp., supra*, 267 Cal.App.2d at p. 213; see also *Hankla v. Governing Bd.* (1975) 46 Cal.App.3d 644, 655 ["A person may not deny personal service on the grounds of lack of delivery where the delivery was deliberately prevented by the action of the person to be served"]; *In re Application of Ball* (1934) 2 Cal.App.2d 578, 579 [service adequate where server "handed or tossed" papers to man who refused to take them; "service cannot be avoided by . . . moving away without consenting to take the document"].) Here, the photograph confirms that the process server attempted to make personal service by manual delivery, even if A.Z. refused to take the documents, and the subsequent text exchange between A.Z. and B.P.'s investigator indicates she understood the process server was trying to serve her. Moreover, the trial court was not required to accept the credibility of A.Z.'s declarations claiming she was never served. The proof of service and

B.P.'s declaration, including the photograph and text exchange, provide sufficient grounds to reject A.Z.'s claims. The record therefore supports a finding of personal service even when considering the totality of the evidence submitted before and after the CHRO hearing.

Second, in a related argument, A.Z. contends the CHRO must be set aside because she did not have notice and an opportunity to be heard. As we have explained, there was sufficient evidence for the trial court to conclude that A.Z. was personally served with the CHRO papers and therefore had notice of the hearing and an opportunity to appear and be heard.

Third, A.Z. argues the trial court erred by granting the CHRO even though no default had been requested or entered against her. The only authority she cites in support of this argument is Civil Code section 581, which was repealed in 1951. Although it is unclear what statute A.Z. intended to cite, she has not established that her nonattendance at the hearing meant the trial court was precluded from entering a CHRO against her without first taking a default. The CHRO statute itself expressly contemplates that even if the respondent does not file a response or appear at the hearing, the court must still hear the petitioner's evidence and issue a CHRO if appropriate. (Code Civ. Proc., § 527.6, subd. (h) [stating that the respondent "may" but is not required to file a response to CHRO petition before the hearing]; *id.*, subd. (n) [stating that the notice of hearing "shall notify the respondent that if the respondent does not attend the hearing, the court may make orders against the respondent that could last up to five years"]; *id.*, subd. (i) [stating that court "shall receive any testimony that is relevant" at the hearing and "shall issue [an order] prohibiting the harassment" if proven by clear and convincing evidence].) Nothing in the

statute suggests that the court can only proceed by default if the respondent makes no appearance.

Fourth, A.Z. contends there is no clear and convincing evidence of harassment or that the alleged harassment would continue or recur. We reject this contention because we have no record of the evidence presented at the CHRO hearing. The trial court heard testimony and received exhibits at the hearing, but the appellate record includes no reporter's transcript or settled statement or the admitted exhibits. We cannot assess whether there is sufficient evidence to support the trial court's order without a record of the evidence that was presented below. "[A] party challenging a judgment [or order] has the burden of showing reversible error by an adequate record." (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) " 'Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant].' " (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)

Finally, A.Z. argues that the CHRO violated her First Amendment right to free speech. As the trial court explained, however, "speech that constitutes 'harassment' within the meaning of [Code of Civil Procedure] section 527.6 is not constitutionally protected, and the victim of the harassment may obtain injunctive relief." (*Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.* (2005) 129 Cal.App.4th 1228, 1250.) The trial court found that A.Z.'s posts and Yelp web page for "[B.P.] Law Office" constituted "a knowing and willful course of conduct directed at [B.P.] that seriously alarms, annoys and/or harasses him." Accordingly, the trial court properly directed A.Z. to remove these postings and desist from further postings about B.P., except those based on her own personal observations. "[T]he First Amendment does not guarantee the right of

8

harassment of another, even where the harassment is accomplished through speech that might otherwise be protected." (*Doe v. McLaughlin* (2022) 83 Cal.App.5th 640, 656, citing *Brekke v. Wills* (2005) 125 Cal.App.4th 1400, 1410; *R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 192 & fn. 11.)

DISPOSITION

The CHRO is affirmed. Respondent is entitled to recover his costs on appeal.

BUCHANAN, J.

WE CONCUR:

McCONNELL, P. J.

KELETY, J.