[Civ. No. 5. Fourth Appellate District.—October 16, 1929.]

ARDYS M. MILLS, Respondent, v. MARSHALL C. MILLS, Appellant.

A. L. Sebille and Bruce C. Sabille for Appellant.

Archie D. Mitchell and Leland S. Davidson for Respondent.

MARKS, J.—This action was brought by plaintiff against defendant for divorce and to secure the custody of and support for Marcelle Mills, the daughter of the parties, of the age of three years. The plaintiff was given an interlocutory decree of divorce, with the custody of the child and twenty dollars ($20) a month for the support of the minor.

The complaint was filed by plaintiff in the Superior Court of San Bernardino County on or about April 1, 1926, and the summons served on defendant personally in the county of Imperial, on or about April 19, 1926. An amended complaint was filed June 16, 1926, and personal service of the summons was had on the same day in the county of San Bernardino. The default of the defendant was entered on July 1, 1926. The trial was had on August 5, 1926, and the interlocutory decree of divorce signed on that day.

On October 30, 1926, the defendant appeared and filed a notice of motion to set aside and vacate the interlocutory decree of divorce. An answer and cross-complaint and a motion in the form of an affidavit by defendant was filed at the same time. This motion was heard and denied on November 22, 1926.

Defendant's motion was made under the provisions of section 473 of the Code of Civil Procedure, on the grounds of inadvertence, mistake and excusable neglect on his part and also upon the grounds of fraud and subterfuge on the part of the plaintiff.

The inadvertence, mistake and excusable neglect on the part of defendant is set forth in his affidavit substantially

as follows: That upon learning of the divorce proceedings he became ill, worried and grief-stricken to such an extent that he became temporarily mentally incapacitated and incapable of properly protecting his interests in the divorce action.

The fraud and subterfuge on the part of plaintiff, as alleged by defendant, grew out of purported statements made by plaintiff to defendant at various times, after the filing of both the original and amended complaints, to the effect that she would dismiss her complaint or that they would live together again and that "if things went to suit plaintiff she would not procure the permanent decree."

Plaintiff filed her own and three other affidavits which were before the court on the hearing of the motion. These affidavits controvert all of the allegations of defendant as to his mental incapacity and as to any fraud or subterfuge on the part of the plaintiff. It will be noted that during the entire period of defendant's alleged "temporary mental incapacity," it appears from his affidavit that he had sufficient mind and memory to remember all of the various alleged conversations with and conduct of plaintiff upon which he bases his charges of fraud and subterfuge.

Instead of showing any inadvertence, mistake or excusable neglect on the part of defendant or fraud or subterfuge on the part of plaintiff, the record before this court shows that the defendant knew and understood the nature of the proceedings against him and that plaintiff and her attorney were fair in all their dealings with him. On May 18, 1926, plaintiff's attorney wrote the defendant as follows: "I am writing you in regard to the matter of the suit for divorce your wife has started against you. You will recall I promised not to take advantage of you in the matter of entering a default against you and promised you I would notify you and give you a chance to put in an answer. She has instructed me to go ahead with the divorce and I am giving you the chance to put in an answer. I shall wait one week to have default entered, and if you do not enter your answer by that time I shall have the default entered." It will be noted that the amended complaint was not filed until June 16th, upon which day defendant was again served, and that his default was not entered until July 1st. The

hearing was had and the interlocutory decree of divorce signed August 5, 1926.

We are aware of the well-established rule that the courts are very zealous in giving litigants their day in court in domestic relations cases. We believe that where, as in this case, the defendant was served with process not only once, but twice, where the trial was not had until approximately three and one-half months after the service upon him of the original summons and complaint, two and one-half months after his being notified by letter that plaintiff was preparing to proceed with her action, and over one and one-half months after the second service of process upon him, he cannot be heard to say that his neglect to appear and defend the action was excusable.

█ "An application of this kind is addressed to the sound legal discretion of the court, and its action in granting or denying the prayer of the petitioner will not be disturbed on appeal unless a clear abuse of such discretion is shown." (*McDonald* v. *McDonald,* 173 Cal. 175 [159 Pac. 426, 427].)

In this case the appellant failed to show any abuse of discretion on the part of the trial court and the order denying his motion is therefore affirmed.

Sloane, P. J., and Barnard, J., concurred.