[Civ. No. 9876.   First Appellate District, Division One.—June 3, 1936.]

ALBERT MOHR et al., Respondents, v. GEORGE L. RICCOMI, Appellant.

Sylvester J. McAtee for Appellant.

Hilary H. Crawford for Respondents.

TYLER, P. J.—Appeal from an order for the enforcement of a deficiency judgment and for issuance of execution under the provisions of section 685 of the Code of Civil Procedure.

The facts show that on January 6, 1923, the Superior Court of the City and County of San Francisco made a decree of foreclosure and an order of sale in an action where the appellant herein was a defendant; that thereafter certain pledged property was sold by a commissioner and return made by him showing a payment on account of the judgment in the amount of $2,487.25 arising out of the sale of the pledged property; that on July 25, 1923, a deficiency judgment was entered against the appellant George L. Riccomi and Fred J. Riccomi, his brother, for the amount of the deficiency

shown by the return, namely, the sum of $1985.60. During the five years following the entry of the deficiency judgment no execution was taken out by the plaintiffs under the provisions of section 681 of the Code of Civil Procedure, no suit was instituted upon the judgment, and nothing whatever was done by the plaintiffs until the 28th day of November, 1934, eleven and one-half years after the entry of the judgment, at which time plaintiffs moved the trial court for an order that execution issue against appellant herein for the amount of the deficiency judgment in the sum of $1985.60, together with interest from the 25th day of July, 1923. The motion was based upon affidavits. Thereafter, upon a hearing on February 19, 1935, the court made its order granting leave to enforce the deficiency judgment by execution, on condition that plaintiffs in writing waive claim for interest upon the amount of the judgment within ten days, otherwise the motion be denied; that thereafter, on February 25, 1935, plaintiffs filed their waiver of interest, and on February 28, 1935, the court signed and filed an enlarged order based upon the former minute order, wherein it decreed that the deficiency judgment of July 25, 1923, for $1985.60 be enforced against the defendant George L. Riccomi for the said sum, with interest at seven per cent per annum from the date of the order until paid, and directing the clerk of the court to issue an execution on the deficiency judgment against defendant George L. Riccomi. The affidavits upon which the order was based show that plaintiffs and respondents herein were a brother and sister of the former wife of appellant George L. Riccomi and had loaned the latter and his brother Fred J. Riccomi the sum of $5,000 on their promissory note, and the litigation is based on this transaction. It also appears therefrom that Fred J. Riccomi had gone through bankruptcy and had been released and discharged from liability on said claim and judgment. It also appeared that the other defendant, George L. Riccomi, prior to and at the expiration of the five-year period for renewal, was at the time engaged in litigation with his former wife over the payment of alimony in a divorce proceeding, and at said time was claiming he was without property of any kind and had no substantial income. In its decree enforcing the judgment and ordering issuance of execution for the principal of the judgment only, the court found from

the evidence that sufficient reasons for plaintiffs' failure to proceed on their deficiency judgment in compliance with the provisions of section 681 of the Code of Civil Procedure fully appeared and that it was a proper case for its exercise of discretion in enforcing the judgment by carrying it into execution.

Appellant has favored us with a history of section 685 of the Code of Civil Procedure and he contends that under the amendment thereto in 1933, requiring notice to be given to the judgment debtor and providing further that the motion must be accompanied by an affidavit setting forth the reasons for failure to proceed in compliance with the provisions of section 681 of the same code, the court can no longer accept any reason in its mere discretion as being sufficient to excuse the failure to proceed in compliance with section 681 of the Code of Civil Procedure. We see nothing in the amendment that in any manner changes the character of discretion to be exercised in passing upon such motions after the matter has been properly presented. Failure to give reasons for delay justifies the court in denying the motion, but where, as here, reasons are given for failure to have execution issued, which reasons are satisfactory to the court, the power of the exercise of discretion still exists as it did prior to the amendment, a more formal presentation of the motion only being required.

From the showing made the court had a right to conclude that the issuance of an execution would have been futile if regularly issued. In our opinion the court exercised a sound discretion in ordering execution. This being so, the order is affirmed.

Knight, J., and Cashin, J., concurred.