[Civ. No. 4228.   Fourth Dist.   June 26, 1951.]

M. WOLFSON, Respondent, v. P. I. HADDAN, Appellant.

Darwin H. Wolford for Appellant.

Ned P. Eads for Respondent.

MUSSELL, J.—Defendant, a judgment debtor, has appealed from an order directing the issuance of an execution more than five years after entry of a judgment against him in November, 1926.

Plaintiff's motion for issuance of the writ was filed pursuant to the provisions of section 685 of the Code of Civil Procedure and was heard on affidavits and oral testimony. It is admitted that an execution was issued on the 1926 judgment by order of the court on October 17, 1944. It must be presumed that such order was made pursuant to the provisions of section 685 of the Code of Civil Procedure, and that the court considered all grounds that could have then been urged for and against the issuance of the execution.

The order, then made upon the merits, constituted a final adjudication upon a mixed question of law and fact, and it had all the force of a judgment. (*Halvey* v. *Castles*, 73 Cal.App.2d 667, 670, 671 [167 P.2d 492].)

Appellant contends that plaintiff assigned his judgment to one Benjamin Freed in 1928 and that a reassignment thereof to plaintiff, purportedly signed by Freed on October 13, 1944, was void and of no effect; that the court erred in not holding plaintiff to be barred and estopped by reason of his statement to defendant in 1944 to the effect that if defendant would sign a waiver of notice, then he would make no further attempt to collect the judgment. Both of these contentions are without merit. Each could have been urged against the issuance of the writ in 1944 and since no appeal was taken from that order, the judgment thereon is res judicata as to both matters.

It is also argued that plaintiff failed to exercise due diligence in locating and levying upon property owned by the debtor. The question of the exercise of due diligence prior to the issuance of the 1944 execution was involved in the decision then made by the trial court and our inquiry is limited to the question of whether there was a lack of due diligence since that ruling. The record shows that plaintiff procured a search of the records of the county recorder of Los Angeles county, where defendant resided; that the search, made in November, 1949, covered a 10-year period immediately prior thereto, and no property was found to be recorded in the name of the defendant.

Appellant, in his own affidavit in opposition to the motion, stated ''That about 1936 defendant went broke in Imperial Valley, and since that date as is and has been well known to the plaintiff all the time, defendant has been unable to pay said judgment,'' and ''That this defendant does not have any property in this state subject to execution, and has not had any property for five years and more.''

In the affidavit of defendant's son it was averred that there was property recorded in the name of the appellant on the public records of Los Angeles county, namely, a chattel mortgage, and that at all times there was registered to the name of the defendant a Lincoln automobile. However, affiant stated that the automobile was only placed in the name of defendant originally in order to make him ''feel'' that he had a car; that as long ago as 1948 it was transferred; and that an investigation would show that a third party claim by the owner would be perfectly valid. It was also stated in said affidavit that the chattel mortgage referred to had long since been paid but defendant had neglected to satisfy it of record although he had returned the note to the original maker.

It is quite apparent that the defendant had no assets since the issuance of the 1944 execution and it follows that the court will not demand that needless acts should have been done before ordering the issuance of an execution under section 685. (*Bank of America* v. *Williams*, 84 Cal.App.2d 562, 568 [191 P.2d 17]; *Mohr* v. *Riccomi*, 14 Cal.App.2d 416, 418 [58 P.2d 659].) As was said in *Brainard* v. *Brainard*, 82 Cal.App.2d 478, 480-481 [186 P.2d 990]: ''In all matters in which an issue is tried upon affidavits it is the rule that those favoring the contentions of respondent establish not only the facts stated therein but also all facts which may be reasonably inferred therefrom. (*Doak* v. *Bruson*, 152 Cal.

150

17, 19 [91 P. 1001]; *Kettelle* v. *Kettelle,* 110 Cal.App. 310, 313 [294 P. 453].)''

The issuance of an execution herein was a matter largely within the discretion of the trial court (*Butcher* v. *Brouwer,* 21 Cal.2d 354, 359 [132 P.2d 205].) Whether plaintiff herein exercised reasonable diligence to enforce his judgment was for the trial court to determine in its discretion and where, as here, its decision was upon conflicting affidavits and no abuse of discretion is shown, its decision will not be disturbed. (*John P. Mills Org., Inc.* v. *Shawmut Corp.,* 29 Cal.2d 863, 865 [179 P.2d 570].)

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied July 20, 1951.