[Civ. No. 18732. Second Dist., Div. Three. Mar. 24, 1952.]

ROBERT ANTHONY BARATTI, Respondent, v. CLAIRE MARIE BARATTI, Appellant.

George A. Pickering for Appellant.

Walter C. Harbert for Respondent.

VALLÉE, J.—Appeal by defendant from an order denying her motion to vacate a default and an interlocutory decree of divorce based thereon.

The complaint was filed November 16, 1950. The summons and complaint were served on defendant on November 19, 1950. The default of defendant was entered December 4, 1950. Plaintiff was awarded an interlocutory decree on December 26, 1950. On May 21, 1951, defendant filed her notice of motion to vacate the default and the decree on the ground of "mistake, inadvertence, surprise and excusable neglect on the part of defendant," and an affidavit in support thereof.

The affidavit of defendant stated: the defendant is pregnant; the child is expected in July, 1951; plaintiff and defendant engaged in sexual intercourse until the end of Oc-

tober, 1950; the child is that of the parties; neither the complaint nor the interlocutory decree mentions the child; defendant did not know she was pregnant until December 26, 1950; had she known that fact, she would not have permitted her default to be taken; when she first learned she was pregnant she told plaintiff about it; he promised to help her with the expense of the child's birth and with its support; since then plaintiff has avoided her, and now denies he is the father.

The affidavit also stated: when plaintiff sued her she was confused and did not know what to do; she consulted her present attorney on February 21, 1951; she has stated the facts to him and he has advised her she has a meritorious defense and a valid cause for cross-complaint; plaintiff is able to support her and the child, and she is not.

With her notice of motion defendant presented a proposed answer and a proposed cross-complaint.

Plaintiff filed an affidavit in opposition to the motion in which he stated: he saw defendant on November 19, 1950, after she was served with the summons and complaint, and she said she was not going to contest the action; she did not inform him she was pregnant until January 27, 1951, although he saw her on December 26, 1950, and on January 2, 1951; he did not engage in sexual intercourse with her after they separated on August 15, 1950; he is not the father of the child; he did not promise defendant he would help with the expense of the birth of the child or with its support.

Defendant, in a counteraffidavit, stated: she does not deny she knew she was being sued for divorce "but says that she was confused, inexperienced, and did not know what to do about it"; "her confusion arose out of consideration of the best course to follow in order to reach a result in accordance with the best interests of all concerned; that she still does not know the answer"; she is interested in possibilities of a reconciliation.

The order denying defendant's motion reads: "Motion denied without prejudice to renewal of motion for leave to set aside default and interlocutory judgment and file answer raising issue of whether there is or will be any issue of the marriage."

Defendant claims the court abused its discretion in denying the motion because (1) it denied the motion and at the same time imposed terms, (2) it imposed terms which tend

to deny to defendant a full and fair trial on the merits, and (3) it is an abuse of discretion on the facts. Defendant also claims she should be relieved from the unintended effect of the trial court's order barring her from any relief, and should be permitted to file at least an answer herein.

■ The granting or denial of a motion to vacate a default and a judgment based thereon on the ground of mistake, inadvertence, surprise or excusable neglect, rests in the sound discretion of the trial court; and the order will not be disturbed on appeal unless it clearly appears that the trial court was guilty of an abuse of discretion. ■ All presumptions will be indulged in favor of the correctness of the order, and the burden is on the appellant to show that the court's discretion was abused. (*Estate of McCarthy*, 23 Cal.App.2d 398, 400 [73 P.2d 914].) No such showing is made in the present case. ■■ A mistake of fact is when a person understands the facts to be other than they are; a mistake of law is when a person knows the facts as they really are but has a mistaken belief as to the legal consequences of those facts. (*People* v. *Kelly*, 35 Cal.App.2d 571, 574 [96 P.2d 372].) ■ Inadvertence is defined as lack of heedfulness or attentiveness, inattention, fault from negligence. (Webster's New Inter. Dict., 2d ed.; *Greene* v. *Montana Brewing Co.*, 32 Mont. 102 [79 P. 693, 694].) Inadvertence in the abstract is no plea on which to vacate a default. (*Shearman* v. *Jorgensen*, 106 Cal. 483, 485 [39 P. 863].) ■ The "surprise" referred to in section 473 is defined to be some "condition or situation in which a party to a cause is unexpectedly placed to his injury, without any default or negligence of his own, which ordinary prudence could not have guarded against." (*Miller* v. *Lee*, 52 Cal.App.2d 10, 16 [125 P.2d 627].) ■ The "excusable neglect" referred to in the section is that neglect which might have been the act of a reasonably prudent person under the same circumstances. (*Elms* v. *Elms*, 72 Cal. App.2d 508, 513 [164 P.2d 936].) ■ A judgment will not ordinarily be vacated at the demand of a defendant who was either grossly negligent or changed his mind after the judgment. (*Kromm* v. *Kromm*, 84 Cal.App.2d 523, 529 [191 P.2d 115].) ■ To obtain relief a defendant must have acted within a reasonable time. (*Hewins* v. *Walbeck*, 60 Cal.App.2d 603, 611 [141 P.2d 241].) ■ A party will not be relieved from his default unless he shows he

acted in good faith and that his mistake, inadvertence, surprise or excusable neglect was the actual cause of his failure to appear.

In a matter in which an issue is tried on affidavits, the rule on appeal is that those affidavits favoring the contentions of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom. (*Wolfson* v. *Haddan*, 105 Cal.App.2d 147, 149 [233 P.2d 145].) When there is a substantial conflict in the facts presented by affidavits, the determination of the controverted facts by the trial court will not be disturbed on appeal. (*Deyl* v. *Deyl*, 88 Cal. App.2d 536, 543 [199 P.2d 424].)

The motion was denied without prejudice to its renewal for a limited purpose. Defendant argues that because the order was so made it imposed terms and therefore was in excess of the authority conferred on the court by section 473 and constitutes an abuse of discretion. Section 473 says relief may be granted ''upon such terms as may be just.'' Defendant's argument is predicated on the erroneous view that the court denied the motion and at the same time imposed terms. No terms were imposed. The court was empowered to deny the motion without reserve. Defendant may not complain because the order left the door open to her to seek the same relief but for a limited purpose.

No showing was made to excuse defendant's failure to file her motion for relief until May 21, 1951, after consulting with her present attorney on February 21, 1951. In *Benjamin* v. *Dalmo Mfg. Co.*, 31 Cal.2d 523, the court said, p. 529 [190 P.2d 593] : ''Defendant has not cited, nor has independent research disclosed, any case in which a court has set aside a default where, in making application therefor, there has been an unexplained delay of anything approaching three months after full knowledge of the entry of the default.'' Courts do not relieve litigants from the effects of mere carelessness.

It was not shown that defendant understood the facts to be other than they were; thus there was no showing of a mistake of fact. Defendant did not claim she had a mistaken belief as to the legal consequences of the facts; thus there was no showing of a mistake of law. No showing of inadvertence or surprise was made. It cannot be said that defendant's neglect was the act of a reasonably pru-

dent person under the circumstances; thus it cannot be said that there was a showing of excusable neglect. Defendant knew and understood the nature of the proceeding against her. Her failure to appear was not due to mistake, inadvertence, surprise or excusable neglect but was solely due to a change of mind. (*Mills* v. *Mills*, 101 Cal.App. 248 [281 P. 707].)

Patently there is ample evidence to support the order, and there was no abuse of discretion in denying the motion without prejudice with leave to renew it for the purpose stated.

 Defendant was given the privilege of renewing the motion for the purpose of raising the question "whether there is or will be any issue of the marriage." Counsel advise us that defendant did not avail herself of the privilege. ·The rights of the child are not prejudiced however. Defendant may secure a determination of the child's legitimacy or paternity and obtain an order for its custody and support. (Civ. Code, §§ 196a, 231; *Sampsell* v. *Superior Court*, 32 Cal.2d 763, 780-781 [197 P.2d 739]; *Wong* v. *Young*, 80 Cal.App.2d 391, 395 [181 P.2d 741]; *Southern Cal. Edison Co.* v. *Industrial Acc. Com.*, 92 Cal.App. 355, 358 [268 P. 415]; 13 Cal.Jur., 931, § 13.)

 Determination of the motion was for the trial court. Holding, as we do, that the court did not abuse its discretion in denying the motion, this court is without power to consider the appeal "in the nature of an application for relief under Section 473 of the Code of Civil Procedure, or in the nature of a motion to vacate and enter *nunc pro tunc* a corrected order, or in the nature of an action for equitable relief."

Affirmed.

Wood (Parker), J., concurred.

SHINN, P. J.—I dissent. The motion should have been granted. It was not denied upon the ground defendant had not moved promptly. She was granted leave to have the judgment vacated for trial of the paternity issue only. · I do not understand this procedure. She should be permitted to present whatever defenses and claims she may have on behalf of herself and the child. The courts have almost invariably followed a liberal policy in allowing divorce cases to be tried on their merits. What better reason could

there be for granting relief than the discovery of pregnancy after default and judgment had been entered? Upon a showing such as defendant made relief from default was called for in the exercise of sound judicial discretion and therefore was a matter of right, not of grace; it should not have been meted out in small inadequate doses. In my opinion the order should be reversed.