Filed 10/1/20  Tawansy v. RIF Investments-3, LLC CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| KHALED TAWANSY,<br><br>    Plaintiff, Cross-defendant and Appellant,<br><br>    v.<br><br>RIF INVESTMENTS-3, LLC et al.,<br><br>    Defendants, Cross-complainants and Respondents. | B295427<br><br>(Los Angeles County Super. Ct. No. BC605613) |

APPEAL from an order of the Superior Court of Los Angeles County, Holly J. Fujie, Judge.  Affirmed in part, and construed as a writ petition and denied in part.

Papazian Law, and Armen F. Papazian for Plaintiff, Cross-defendant and Appellant.

Law Offices of Saul Reiss, Saul Reiss, and Fay Pugh for Defendants, Cross-complainants and Respondents.

\* \* \* \* \* \*

A trial court dismissed a plaintiff's complaint, struck his answer to a cross-complaint, and entered a default on the cross-complaint after he (1) ignored a court order compelling discovery, (2) prepared none of the mandatory pretrial filings, and (3) did not attend the final status conference a week before trial. The plaintiff was representing himself at the time of these events, as his prior counsel had been relieved several months earlier. The trial court subsequently denied the plaintiff's motion to set aside its order dismissing the complaint, striking the answer to the cross-complaint and entering a default on the cross-complaint. Plaintiff appeals the denial of his motion to set aside. We conclude that the trial court did not abuse its discretion in declining to set aside its order. We further conclude that we do not have jurisdiction to entertain the portion of plaintiff's appeal, as to one of the opposing parties, challenging the court's refusal to set aside the order striking his answer to, and entering a default on, the cross-complaint because a default judgment on the cross-complaint has yet to be entered. However, we elect to exercise our discretion to construe any non-appealable portions of the orders as a petition for a writ because the analysis underlying both portions of plaintiff's appeal is identical. Accordingly, we affirm in part and deny the writ petition in part.

## FACTS AND PROCEDURAL BACKGROUND

### I.     Facts

This case involves a mixed-used real estate development in what was once the historic Raymond Theater in Old Town Pasadena, California. The development is called the Raymond Renaissance.

In 2012, Khaled Tawansy (Tawansy), who is a medical doctor, purchased three adjacent units within the development in which to operate a surgery center.

Anxious to expand his center into additional adjacent units, Tawansy entered into two further agreements. First, in early 2013, Tawansy—through a company called the Raymond Renaissance Theater, LLC—entered into a five-year lease to rent units adjacent to his center within the development from RIF Investments-3, LLC. Tawansy personally guaranteed the lease. Second, and also in early 2013, Tawansy allegedly entered into an oral agreement to purchase those same units from RIF Investments-3, LLC. RIF Investments-3's two principals are Ron Farhadi (Farhadi) and Joseph Ghadir (Ghadir).

In August 2015, RIF Investments-3 brought an unlawful detainer action against Tawansy's company for nonpayment of rent.

## II. Procedural Background

### A. *Operative complaints and answers*

On December 31, 2015, Tawansy sued RIF Investments-3, Farhadi and Ghadir (collectively, RIF) on the grounds that RIF did not honor its oral agreement to sell him the units adjacent to his surgery center. In the operative First Amended Complaint, Tawansy sued RIF for (1) specific performance (to sell him those units at the agreed-upon price of $2.5 million), (2) fraud (for falsely promising to sell the units in order to get him to rent those units), and (3) rescission of his personal guaranty of the lease.

On February 4, 2016, RIF Investments-3 filed a cross-complaint against Tawansy for breach of his personal guaranty of

3

the lease after Tawansy's company declared bankruptcy to halt the unlawful detainer action.

RIF filed an answer to Tawansy's operative complaint, and Tawansy filed an answer to RIF Investments-3's cross-complaint.

## B. *Litigation and termination of litigation*

### 1. *Tawansy's counsel is relieved*

In February 2018, the lawyer who had been representing Tawansy since the outset of this litigation filed a motion to be relieved as counsel after Tawansy refused to sign a substitution of attorney. Among other things, the lawyer's motion and the accompanying proposed order contained two "Notice[s] to Client" regarding what might happen if the motion to be relieved were granted. The first notice stated, in boldface type, that the "[f]ailure to retain an attorney may lead to an order striking the pleading or to the entry of a default judgment." The second notice stated, in boldface type, that "[i]f you do not have a new attorney to represent you in this action or proceeding, . . . you will be representing yourself. It will be your responsibility to comply with all court rules and applicable laws. If you fail to do so, or fail to appear at hearings, action may be taken against you. You may lose your case."

Despite being served with the lawyer's motion to be relieved, Tawansy did not appear at the February 28, 2018 hearing on the lawyer's motion.

The trial court granted the motion to be relieved, and continued the dates for the final status conference and for trial, respectively, from dates in April 2018 to July 23, 2018, and July 30, 2018.

The lawyer served Tawansy with the trial court's order, albeit with some difficulty: The lawyer attempted personal

4

service at one of Tawansy's medical offices, but Tawansy's receptionist refused to accept service and even refused to give her name. The process server left the order with the receptionist and also mailed the order to Tawansy.

> 2. *Tawansy engages in discovery misconduct*

On April 2, 2018, RIF propounded a Demand for Production and Inspection of Documents, Set Number Two, upon Tawansy in its capacity as the defendant in Tawansy's lawsuit and, as to RIF Investments-3, the cross-plaintiff in the cross-complaint. The demand specifically sought documents related to Tawansy's complaint.

When Tawansy did not respond to this demand, RIF in late May 2018 filed a motion to compel a response. Tawansy did not oppose the motion.

On June 21, 2018, the trial court granted the motion to compel and also ordered Tawansy to pay $1,285 in sanctions. Both the discovery responses *and* the sanctions were due within 20 days.

Tawansy was served with the trial court's order, but did not serve the court-ordered responses or pay the sanctions by the court's deadline.

> 3. *Tawansy does not file trial documents, in violation of Los Angeles Superior Court Local Rule 3.25*

Although Los Angeles Superior Court Local Rule 3.25(f)(1) requires that litigants file their exhibit lists, jury instruction requests, trial witness lists, and proposed statement of the case "[a]t least five days prior to the final status conference" (Super. Ct. L.A. County, Local Rules, rule 3.25(f)(1)), Tawansy never filed these documents.

5

### 4. *Tawansy does not appear at final status conference, in violation of Los Angeles Superior Court Local Rule 3.25*

Although Los Angeles Superior Court Local Rule 3.25(f) makes attendance by a party's lawyer or, if the party is self-represented, the party himself, at the final status conference mandatory (Super. Ct. L.A. County, Local Rules, rule 3.25(f)), neither Tawansy nor a lawyer representing Tawansy appeared at the July 23, 2018 final status conference. Instead, Tawansy sent a non-lawyer.

The trial court issued two orders to show cause—namely, (1) an "Order to Show Cause re Dismissal for Plaintiff's failure to appear" and (2) an "Order to Show Cause re Striking Answer to Cross-Complaint/Enter Default." Both were set for July 30, 2018.

Both orders to show cause were served on Tawansy.

### 5. *Trial court dismisses Tawansy's complaint and strikes his answer to the cross-complaint*

Tawansy appeared in court on July 30, 2018. The court "hear[d] oral argument," although we do not know the content of that argument because it was unreported. Whatever was said did not persuade the trial court, and the court dismissed Tawansy's First Amended Complaint, struck his answer to the cross-complaint and entered a default on the cross-complaint. The court set a default prove-up hearing for September 2018.

### C. Tawansy's motion to set aside orders of dismissal and striking answer to cross-complaint

Seven weeks later, on September 17, 2018, Tawansy retained a new lawyer.

Ten days later, Tawansy filed a motion to set aside the trial court's July 30, 2018 orders dismissing his operative complaint

and striking his answer to the cross-complaint.[1]  Based entirely on Code of Civil Procedure section 473, subdivision (b),[2] Tawansy sought relief on the grounds of mistake and excusable neglect.  In support of the motion, Tawansy submitted a declaration in which he asserted that (1) he labored under a mistake because the *only* notice he received about the final status conference was from his prior lawyer and that notice "did not state it was mandatory for [him] to appear," and (2) his absence from the final status conference was excusable because he has had a bone infection for some undisclosed period of time and because, on the morning of the final status conference, he had a "diabetic episode and was in no condition to attend."  Tawansy did not include any documentation confirming his medical condition(s).  Tawansy was also not clear on whether his medical condition(s) precluded him from attending, or whether they merely factored in to his decision not to attend:  At one point, he stated that he "physically could not appear at the hearing"; elsewhere, however, he stated that "I never would have missed a hearing I knew to be mandatory" and alluded to the "potential consequences of [his] failure to force [him]self to appear."

After further briefing and a hearing, the trial court issued an 11-page order denying Tawansy's motion.  The court found Tawansy's motion for relief to be "brought . . . within a reasonable

---

1        Tawansy had filed an ex parte motion to set aside the court's orders on September 19, 2018, but the trial court denied the motion without prejudice to filing a noticed motion.

2        All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

7

time" despite his "unexplained 1.5 month delay in securing new counsel."

The court denied relief under section 473, subdivision (b) for two reasons. First, the court observed that Tawansy's excuses for not attending the final status conference were somewhat beside the point because the court's order dismissing Tawansy's operative complaint and striking his answer to RIF Investments-3's cross-complaint was "based on" its "distinct" "determination to impose terminating sanctions" and Tawansy's "fail[ure] to persuade the Court" *not* to enter that order on July 30, 2018—not merely because of Tawansy's "absence" from the final status conference. The court elsewhere in its order cited sections 575.2 and 2023.030 as its statutory basis for imposing terminating sanctions, and at the hearing commented that termination was warranted due to Tawansy's "total failure to do what was necessary to bring this case to trial." Second, the court ruled that, even if the court's order had been based solely upon Tawansy's failure to appear at the final status conference, it was unpersuaded by either of the excuses Tawansy proffered for that failure to appear. The court rejected Tawansy's assertion that he did not know his attendance at the final status conference was mandatory because the mandatory nature of attendance was set forth in the Los Angeles Superior Court's local rules as well as in the court orders served upon Tawansy, and because ignorance of the law is no excuse. The court rejected Tawansy's assertion that his illness prevented him from attending because his declaration "equivocates on his ability to attend the status conference," and the court chose to credit those portions suggesting that he would have "forced" himself to attend had he known attendance was mandatory.

8

**D. Notice of appeal, but without a default judgment entered on RIF Investments-3's cross-complaint**

On January 18, 2019, Tawansy filed a notice of appeal as to the trial court's "Order Dismissing [Plaintiff's] Complaint and Order Denying CCP 473 Motion to Vacate Dismissal."

As of the date of this opinion, the trial court had yet to enter a default judgment on RIF Investments-3's cross-complaint because the court had, by that time, rejected two default prove-up submissions by RIF Investments-3.

## DISCUSSION

Tawansy argues that the trial court erred in denying his motion to set aside its order (1) dismissing his First Amended Complaint and (2) striking his answer to RIF Investments-3's cross-complaint and entering a default. We ostensibly have jurisdiction over the first portion of Tawansy's appeal because an order denying relief under section 473 is appealable as a post-judgment order *if that order follows entry of judgment* (e.g., *Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1394), and an order dismissing a plaintiff's complaint is deemed to be a judgment if signed by the court and filed. (§ 581d; *In re Sheila B.* (1993) 19 Cal.App.4th 187, 197.) We do not have jurisdiction over the second portion of Tawansy's appeal because the trial court has yet to enter a default judgment in RIF Investments-3's cross-action. Until there is a default judgment, orders striking an answer, orders entering a default (as opposed to a default judgment), and orders denying relief under section 473 are not appealable. (*Katzenstein v. Chabad v. Poway* (2015) 237 Cal.App.4th 759, 766 ["an order striking an answer . . . is not appealable" prior to entry of judgment]; *Scognamillo v. Herrick* (2003) 106 Cal.App.4th 1139, 1146 [order entering default not appealable]; *Rappleyea v. Campbell* (1994) 8

9

Cal.4th 975, 981 (*Rappleyea*) ("[an] order denying [a] motion to vacate [a] default is not independently appealable" except as part of "an appeal from the judgment"].)[3]

Although at first blush this would seem to indicate that we have jurisdiction over the entire portion of the appeal dealing with the dismissal of Tawansy's action, the "one final judgment" rule dictates a different result as to Tawansy and RIF Investments-3, between whom RIF Investments-3's cross-action

---

[3] Because neither party briefed this issue, we requested supplemental briefing from the parties on the question of whether we had jurisdiction to entertain Tawansy's appeal of the trial court's order denying relief from the entry of *default* on the cross-complaint. In his supplemental letter, Tawansy argued that (1) RIF waived this issue by not raising it, and (2) we have jurisdiction because the trial court's entry of default was discretionary (that is, based on Tawansy's noncompliance with the local rules and discovery rules) rather than ministerial, and that the entry of default based on a discretionary decision is appealable. We reject both arguments. As to the first, we have an independent duty to examine the existence of our own jurisdiction, and neither that duty nor the statutes delimiting the scope of our jurisdiction can be waived by a party. (*Olson v. Cory* (1983) 35 Cal.3d 390, 398.) As to the second, none of the cases Tawansy cites supports his contention that a subset of defaults are immediately appealable even without a default judgment. (*Jackson v. Kaiser Foundation Hospitals, Inc.* (2019) 32 Cal.App.5th 166, 169 [addressing appeal of a dismissal, not a default]; *Daley v. County of Butte* (1964) 227 Cal.App.2d 380, 388-389 [same]; *Peltier v. McCloud River R.R. Co.* (1995) 34 Cal.App.4th 1809, 1813 [same]; *Ryan v. Rosenfeld* (2017) 3 Cal.5th 124, 127 [addressing appeal of a motion to vacate a judgment, not a default].) As between precedent that is not on point and a California Supreme Court case directly on point (that is, *Rappleyea*), we choose to follow the precedent on point.

is still pending and thus, as to whom, *no* part of this appeal is final. Of course, the "one final judgment" rule does not bar the portion of the appeal addressing the dismissal of Tawansy's action as to Farhadi and Ghadir because an order denying a motion to vacate a dismissal is appealable and those two individuals are not parties to RIF Investments-3's cross-action. (*American National Bank v. Stanfill* (1988) 205 Cal.App.3d 1089, 1095; *Sjoberg v. Hastorf* (1948) 33 Cal.2d 116, 118.) However, because the basis for both portions of Tawansy's appeal are identical, we will construe any non-appealable portions of the appeal as a petition for a writ of mandate and consider that writ on its merits. (*Olson v. Cory* (1983) 35 Cal.2d 390, 400.)

Because a party's failure to persuade a trial court not to enter sanctions is not itself a basis to impose sanctions, we construe the trial court's order dismissing Tawansy's operative complaint, striking his answer to RIF Investments-3's cross-complaint, and entering a default on that cross-complaint as being based on the two statutory provisions the court cited and the related factual findings it made—that is, (1) for Tawansy's violation of the local court rules in not making the required pretrial filings and in not appearing at the final status conference, in violation of section 575.2, and (2) for Tawansy's violation of the discovery rules in not obeying the court's June 2018 motion to compel. (See generally *Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 (*Jameson*) [requiring appellate courts to "ordinarily presume" trial court orders "to be correct"].)

Tawansy argues that the court's order is invalid for what boil down to three reasons. First, the court was wrong to deny him relief under section 473, subdivision (b). Second, the court had no basis to impose sanctions under sections 575.2 or

11

2023.030 in the first place.  Third, the court did not have the authority to enter its order because the only sanction available was to hold the trial in his absence.

## I.     Denial of Relief under Section 473, Subdivision (b)

Section 473, subdivision (b) grants a trial court the discretionary authority to set aside a prior order—including an order dismissing a complaint or striking an answer and entering default—if the party moving to set aside that order proves, as a threshold matter, that (1) the order was the product of the party's "mistake, inadvertence, surprise or excusable neglect," and (2) the party's application for relief was filed "within a reasonable time, in no case exceeding six months, after the . . . order [to be set aside] . . . was" entered.  (§ 473, subd. (b); *Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410 (*Hopkins*) [burden of proof lies with moving party]; *Gee v. Greyhound Lines, Inc.* (2016) 6 Cal.App.5th 477, 492 [order dismissing complaint may be set aside under section 473, subdivision (b)]; *Matera v. McLeod* (2006) 145 Cal.App.4th 44, 62, 68 [order striking answer and entering default may be set aside under section 473, subdivision (b)].)[4]  Carrying this threshold burden is a ""daunting task.""

---

4      A trial court also has an inherent, equitable power to set aside its prior orders for "extrinsic fraud" or "extrinsic mistake." (*Kulchar v. Kulchar* (1969) 1 Cal.3d 467, 470-472.)  That power is not at issue in this case because (1) Tawansy did not seek relief on this basis before the trial court and does not invoke it on appeal, and (2) exercise of that power requires a showing that the moving party "has a meritorious case" (*Lee v. An* (2008) 168 Cal.App.4th 558, 566 (*Lee*)), and, as discussed below, Tawansy cannot make this showing because his failure to file the required pretrial documents precluded him from introducing any evidence in his action or RIF Investments-3's cross-action.

12

(*Grappo v. McMills* (2017) 11 Cal.App.5th 996, 1006.) Once it is carried, the trial court has "broad" "discretion" whether to exercise its authority to set aside a prior order. (*Minick v. City of Petaluma* (2016) 3 Cal.App.5th 15, 24.) Because "[t]he general underlying purpose of section 473(b) is to promote the determination of actions on their merits" (*Evan Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 839 (*Evan Zohar*)), however, the moving party who "moves promptly" in seeking relief under this section need only produce "very slight evidence . . . to justify" the exercise of the court's discretion (*Miller v. City of Hermosa Beach* (1993) 13 Cal.App.4th 1118, 1136; *Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478 (*Shamblin*)) and "any doubts in applying section 473 must be resolved in favor of the [moving] party" (*Rogalski v. Nabers Cadillac* (1992) 11 Cal.App.4th 816, 819-820). We review a trial court's denial of a section 473, subdivision (b) motion for an abuse of discretion, and review any subsidiary factual findings for substantial evidence. (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257-258 (*Zamora*); *Shamblin*, at p. 479.)

In this case, the trial court did not abuse its discretion in concluding that Tawansy had not met his threshold burden of establishing that the court's order was due to a "mistake" or "excusable neglect" by Tawansy.

As pertinent to section 473, subdivision (b), a "mistake" includes a "mistake of fact" (that is, "when a person understands the facts to be other than they are") or a "mistake of law" (that is, "when a person knows the facts as they really are but has a mistaken belief as to the legal consequences of those facts"). (*Baratti v. Baratti* (1952) 109 Cal.App.2d 917, 921.) Here,

13

Tawansy's claim of mistake before the trial court rested entirely on his assertion that the *sole* notice he received about attending the final status conference was a written letter from his lawyer and that the letter did not explicitly indicate that his presence at the final status conference was mandatory. The trial court did not err in concluding that this showing did not qualify as a mistake. To begin, Tawansy's showing speaks only to his failure to appear at the final status conference, and *not* to his failure to file any pretrial documents or his failure to comply with the motion to compel. Further, his showing does not establish "mistake" even as to his failure to appear. As the trial court noted, the record contains evidence that Tawansy was actually, subjectively aware of the potential consequences of not attending the final status conference because Tawansy had been served with his prior counsel's motion to be relieved as counsel and the accompanying proposed order, which explicitly warned Tawansy that the court could "strik[e]" "pleading[s]," enter a default judgment, or cause him to "lose [his] case" if he did not "retain an attorney," "comply with all court rules and applicable laws" or "appear at hearings." The court acted well within its discretion in giving greater weight to service of these notices over Tawansy's self-serving denial of knowledge. As the trial court also noted, Tawansy—as a self-represented litigant—was also required to educate himself about the "court rules" and his ensuing ignorance of the law was, as the saying goes, no excuse. (*Hopkins*, *supra*, 200 Cal.App.4th at p. 1413 [a self-represented litigant's "'alleged ignorance of legal matters . . . can hardly constitute "mistake, inadvertence, surprise or excusable neglect"'"]; *People v. Meneses* (2008) 165 Cal.App.4th 1648, 1661 ["ignorance of the law is no excuse"].)

14

As pertinent to section 473, subdivision (b), "excusable" "neglect" means an error that "a reasonably prudent person under similar circumstances might have made." (*Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 929; *Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 276.) Here, Tawansy's claim of excusable neglect rested on his assertion that he did not attend the final status conference because he had had a "bone infection" for some unspecified period of time and because he had a "diabetic episode" the morning of the final status conference. Again, to begin, Tawansy's showing speaks only to his failure to appear at the final status conference, and *not* to his failure to file any pretrial documents or his failure to comply with the motion to compel. Further, his showing does not establish "excusable neglect" even as to his failure to appear because the trial court acted within its discretion in concluding that Tawansy was equivocal on whether he could have attended the final status conference notwithstanding his medical condition: He stated that his diabetic episode meant he "physically could not appear at the hearing," while at the same time stated that he "never would have missed" a "mandatory" hearing and, in decrying his ignorance of the "potential consequences of [his] failure to force [him]self to appear," suggested that he *might have* forced himself to come to court despite his medical condition had he known the final status conference was mandatory. Tawansy's equivocation, coupled with the lack of a doctor's note and Tawansy's ability to appear in court the very next week, constitutes substantial evidence supporting the trial court's finding that Tawansy had not shown excusable neglect.

15

Tawansy offers three further arguments as to why the trial court erred in denying him relief under section 473, subdivision (b).

First, he argues that the trial court erred in its analysis of whether he established a "mistake" or "excusable neglect." In this argument, however, he effectively urges us to give greater credit and weight to his declaration (or the portions of his declaration he prefers) over the contrary evidence in the record. This is beyond what we may do. (*Johnson v. Pratt & Whitney Canada, Inc.* (1994) 28 Cal.App.4th 613, 622-623 ["we do not reweigh evidence or reassess the credibility of witnesses"].) Tawansy also argues that his ignorance of the law cannot be counted against him because he had been a self-represented litigant "for a short few months." Tawansy offers no authority for his proposition that a litigant who has the financial wherewithal to hire counsel (as Tawansy did for years prior to his counsel's excusal and as Tawansy did to file his section 473 motion) may choose to proceed without counsel and then claim ignorance of the law. That is undoubtedly because the law is to the contrary. (*Hopkins*, *supra*, 200 Cal.App.4th at p. 1413 ["The law does not entitle a party to proceed experimentally without counsel and then turn back the clock if the experiment yields an adverse result."].)

Second, Tawansy contends section 473 relief is generally warranted "if no prejudice to the opposing party will ensue" (*Zamora*, *supra*, 28 Cal.4th at p. 258), that RIF has not proven any prejudice beyond "the inconvenience" of going to trial in the action and cross-action, and that only "'very slight evidence will be required to justify'" an exercise of a court's discretion where the moving party has acted "promptly" and the non-moving party

16

has "'"ma[de] no showing that [it] has suffered any prejudice or that injustice will result from the trial of the case upon its merits"'" (*Weitz v. Yankosky* (1966) 63 Cal.2d 849, 857 (*Weitz*), quoting *Benjamin v. Dalmo Mfg. Co.* (1948) 31 Cal.2d 523, 531; *Fasuyi v. Permatex, Inc.* (2008) 167 Cal.App.4th 681, 695). We reject this contention for several reasons. At the outset, a court is empowered to exercise its discretion under section 473, subdivision (b), only when the moving party has made a threshold showing of "mistake, inadvertence, surprise, or excusable neglect" (§ 473, subd. (b)), and Tawansy has not made that showing, as explained above. Moreover, section 473, subdivision (b)'s underlying policy of favoring "the determination of actions on their merits" (*Evan Zohar*, *supra*, 61 Cal.4th at p. 839; *Weitz*, at p. 857) would not seem to be implicated where, as here, the grant of relief under section 473, subdivision (b) would *not* result in a trial on the merits. That is because Tawansy's failure to file any pretrial documents would, at a minimum, have led to the preclusion of all of his evidence in his action and in RIF Investments-3's cross-action. Thus, a reversal of the trial court's ruling would, at best, result in a remand so that the trial court would enter an order of dismissal on Tawansy's action (due to the preclusion of any evidence by Tawansy), and a one-sided trial (again, due to the preclusion of any evidence by Tawansy) in RIF Investments-3's cross-action that would render that trial functionally indistinguishable from a default prove-up hearing. Yet this is no different than the effect of the trial court's ruling before us now. "'[R]eviewing courts have consistently declined to remand cases where doing so would be an idle act that exalts form over substance . . .'" (*People v. Jefferson* (2019) 38 Cal.App.5th 399, 408.)

17

Lastly, Tawansy asserts that the interests of justice favor going to trial on the merits because he has "fully litigated this matter for over two years" and suffered dismissal due to a single incident of "sickness." Accepting this assertion requires us to reweigh the evidence and to ignore the analysis we have set forth above; we decline to do so.

## II.  No Basis for Sanctions

It is not clear that Tawansy's arguments regarding the propriety of the trial court's order dismissing his operative complaint, striking his answer to RIF Investments-3's cross-complaint, and entering a default on the cross-complaint is properly before us. Such arguments constitute a direct attack on the order itself rather than on the trial court's subsequent ruling refusing to set aside that order, yet Tawansy has only appealed the subsequent ruling—not the order itself.[5] Nor may we consider Tawansy's arguments as a means of establishing that the order was "void" and hence a basis for relief under section 473, subdivision (d) because Tawansy did not seek relief under subdivision (d) and because his attacks on the trial court's order would render it voidable rather than void. (*Lee, supra*, 168 Cal.App.4th at pp. 563-566 [trial court's failure to follow procedures under section 575.2, subdivision (a) renders order, at most, voidable]; see *Johnson v. E-Z Ins. Brokerage, Inc.* (2009)

[5] Although Tawansy could have appealed the portion of the trial court's order dismissing his complaint as to Farhadi and Ghadir (§ 581d), he could not have appealed the portion of the order dismissing his complaint as to RIF Investments-3 or the order striking his answer to RIF Investments-3's cross-complaint and entering a default because no default *judgment* has been entered. (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 960.)

18

175 Cal.App.4th 86, 98 ["a judgment is valid but voidable if it is the result of the court's failure to follow proper procedure"]; cf. *Sole Energy Co. v. Hodges* (2005) 128 Cal.App.4th 199, 208 (*Sole Energy*) [discovery sanction entered ex parte is *void*].)

Even if we assume that Tawansy's attack on the validity of the trial court's order is properly before us, it lacks merit because the court's imposition of those sanctions in that order was not an abuse of discretion and is supported by the court's express and implied findings. (E.g., *Reedy v. Bussell* (2007) 148 Cal.App.4th 1272, 1291; *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133 ["all intendments and presumptions are indulged in favor of (an order's) correctness"].)

The trial court did not abuse its discretion in issuing its order under section 575.2. In pertinent part, section 575.2 authorizes a court, "on its own motion," to "dismiss [an] action" or to "strike out all or any part of any pleading" and "enter" "default" if "a party . . . in pro se[] fails to comply with" any requirements of the court's "[l]ocal rules" as long as the party is afforded "prior notice . . . and an opportunity to be heard." (§ 575.2, subd. (a).) The Los Angeles Superior Court's local rules (1) require litigants to "serve and file" an exhibit list, jury instruction request, trial witness list, and a proposed short statement of the case "[a]t least five days prior to the final status conference (Super. Ct. L.A. County, Local Rules, rule 3.25(f)(1)), (2) require litigants to "attend a final status conference" (*Id.*, rule 3.25(f)), and (3) give notice that the "[f]ailure to exchange and file these items may result in not being able to call witnesses, present exhibits at trial, or have a jury trial" at all (*Id.*, rule 3.25(f)(1)). In this case, substantial evidence supports the trial court's finding that Tawansy violated Los Angeles Superior Court's local

19

rule 3.25 because he did not file any of the documents required by that rule five days prior to trial (or, for that matter, since then) and did not appear at the final status conference. Additionally, Tawansy had notice of the consequences of his noncompliance because they are set forth in section 575.2 and in Los Angeles Superior Court's local rule 3.25(f)(1),[6] and because he was also served with the trial court's orders to show cause; Tawansy also had an opportunity to be heard when he offered argument against the order at the July 30, 2018 hearing. (Accord, *Barrientos v. City of Los Angeles* (1994) 30 Cal.App.4th 63, 70 [due process requires "adequate notice and [an] opportunity to be heard" prior to imposition of sanctions].)

The trial court did not abuse its discretion in issuing its order under section 2023.030. In pertinent part, the Civil Discovery Act (§ 2016.010 et seq.) grants trial courts "broad" authority to sanction the "misuse[] of the discovery process," which includes "[d]isobeying a court order to provide discovery," by imposing "terminating" sanctions. (§§ 2023.010, subd. (g), 2023.030, subd. (d).) "When faced with a party's misuse of the discovery process, a trial court 'should' impose '[t]he penalty . . . appropriate to the dereliction.' [Citation.]" (*Siry Investment,*

---

[6] We disagree with Tawansy's suggestion at oral argument that the reference in Los Angeles Superior Court local rule 3.25(f)(1) to the sanctions of preclusion of witnesses, exhibits or the denial of a jury trial precluded the court from dismissing his action or striking his answer in RIF Investments-3's cross-action because (1) section 575.2 that sets out the sanctions for noncompliance with local court rules specifically lists these sanctions, and (2) rule 3.25(f)(1)'s reference to the denial of a jury trial encompasses dismissal and striking an answer, both of which result in the denial of a jury trial.

*L.P. v. Farkhondehpour* (2020) 45 Cal.App.5th 1098, 1117 (*Siry*).) In assessing what sanction is appropriate, a court should examine "'the totality of the circumstances,' including (1) whether the party's noncompliance is the latest chapter in a longer 'history of abuse,' which looks to 'the number of formal and informal attempts to obtain the discovery' as well as whether prior court orders compelling discovery have gone unheeded [citations]; (2) whether the party's noncompliance was 'willful' [citations]; (3) whether the noncompliance persisted despite warnings from the court that greater sanctions might follow [citation]; (4) whether the noncompliance encompasses all or only some of the issues in the case [citation]; and (5) the extent of the 'detriment to the propounding party' that flows from the inability to obtain the discovery at issue [citation]." (*Id.* at pp. 1117-1118.) Because they are the most "'drastic,'" terminating sanctions are to be "'used sparingly'"; they are "typically" a "'last resort'" but may be used "'as a first measure'" in "'extreme cases'" "where a litigant violates a court order and 'persists in the outright refusal to comply with [its] discovery obligations' [citation]." (*Id.* at p. 1118.) In this case, substantial evidence—namely, a declaration by RIF's counsel so reported and that report was never disputed—supports the trial court's finding that Tawansy disobeyed the court's order compelling him to respond to the discovery RIF propounded in April 2018. Further, the trial court did not abuse its discretion in imposing terminating sanctions, at least when it is recognized that the discovery violation compromised only *part* of the reason for the court's order, and in light of the substantial evidence supporting the trial court's findings that Tawansy's refusal to comply was willful (and he offers no evidence to the contrary), that the discovery at issue

21

went to the heart of RIF's defense against Tawansy's claim, and that Tawansy—since becoming a self-represented litigant—had pursued a strategy of "total[ly] fail[ing] to do what [is] necessary to bring th[e] case to trial."

Tawansy levels attacks at the procedural and substantive validity of the trial court's sanction order.

Tawansy asserts that the court's order suffers from two procedural defects. First, he asserts that the trial court could not impose the sanctions it did because there was no pending motion by RIF requesting such sanctions. This assertion ignores that both sections 575.2 and 2023.030 empower a trial court to impose sanctions on its own motion.[7]  (§§ 575.2, subd. (a), 2023.030.) Second, Tawansy asserts that he received inadequate notice of potential sanctions because (1) the consequences of failing to appear at the final status conference set forth in the order relieving his counsel were merely part of a pre-printed form; (2) he had no advance notice that the trial court was considering his failure to file pretrial documents as part of the basis for sanctions (as that was not listed in the pre-printed form or in the court's orders to show cause); and (3) he only had seven days to respond to the trial court's orders to show cause. We also reject these assertions. Notice contained in a pre-printed form is still valid notice. (*Lee*, *supra*, 168 Cal.App.4th at pp. 564-565 [so noting].) Tawansy was not entitled to advance notice of all of the conduct that might form the basis for a sanctions order. (§ 2023.040 [request for discovery sanctions need only "specify the type of

_____

[7]    Contrary to what Tawansy argued orally, Tawansy had ample advance notice that the court could impose sanctions on its own motion because these statutes so indicate. A further, express request for sanctions from RIF was not required.

22

sanction sought," not the conduct underlying it]; *Sole Energy*, *supra*, 128 Cal.App.4th at p. 207-208 [same]; § 575.2 [not specifying the precise content of the notice]; cf. § 128.7 [request for sanctions under this provision requires notice of "the specific conduct alleged to [have] violate[d]" the statute; *Moyal v. Lanphear* (1989) 208 Cal.App.3d 491, 502-503 [specific notice that specific conduct may result in dismissal under section 575.2 is required when party is represented by counsel].) And we must in any event presume (because there is no transcript to the contrary) that the trial court informed Tawansy at the July 30, 2018 hearing that it was considering sanctions on the additional ground of his failure to make the required pretrial filings and then gave him the opportunity to respond. (*Jameson, supra*, 5 Cal.5th at p. 609 ["'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' [Citation.]."].) Tawansy lastly does not cite any authority for his proposition that a week's notice is insufficient to appear at a hearing to explain one's own prior conduct.

Tawansy contends that the sanctions order suffers from two substantive defects. First, he notes that terminating sanctions are not appropriate under either section 575.2 or section 2023.030 unless there has been a previous noncompliance with a rule or order and "it appears [that] a less severe sanction would not be effective" (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795 (*Wantuch*) [so noting, as to section 575.2]; *Siry, supra*, 45 Cal.App.5th at pp. 1117-1118 [so noting, as to section 2023.030]), and contends that these prerequisites are not met here. This contention ignores that the trial court's order was preceded by Tawansy's noncompliance with Los Angeles Superior Court's local rule 3.25's pretrial filing and appearance-at-final-

23

status-conference requirements and by his noncompliance with the court's prior order compelling responses to RIF's discovery. Further, there was substantial evidence to support the trial court's implicit finding that lesser sanctions would prove ineffective: Tawansy had declined to file pretrial documents despite RIF's repeated attempts to meet and confer with him, and he refused to do so even after receiving the orders to show cause; Tawansy continued to ignore the court's order compelling discovery and continued to do so even after receiving the orders to show cause; and Tawansy's attempt to evade service was evocative of a person with no interest in litigating and every interest in forestalling litigation. Tawansy makes the related contention that the trial court was *precluded* by section 575.2 from dismissing his operative complaint, striking his answer to RIF Investments-3's cross-complaint and entering a default on that cross-complaint because the sole sanction for failure to file pretrial documents under Los Angeles Superior Court's local rule 3.25 is the preclusion of evidence. Not only does this contention ignore the language of rule 3.25 (which also warns of the possibility of no "jury trial" at all), but also ignores that the sanctions in this case rested on more than just his failure to file pretrial documents. Second, Tawansy contends that no sanction is warranted under sections 575.2 and 2023.030 unless there is a *willful* failure to comply with a prior court order (e.g., *Biles v. Exxon Mobil Corp.* (2004) 124 Cal.App.4th 1315, 1327; *Wantuch*, at p. 795), and here his conduct was not willful. This contention lacks merit because Tawansy offered no evidence as to why his failure to comply with the court's order to compel discovery or the local rule's requirement to serve pretrial documents was anything but willful, and because substantial evidence supports

24

the trial court's finding that he did not prove that his non-appearance at the final status conference was anything but willful.  (Cf. *Wantuch*, at p. 795 [failure to appear at final status conference because party was in prison; sanctions not warranted].)

## III.   Sole Sanction is Trial in Tawansy's Absence

Citing *Wilson v. Goldman* (1969) 274 Cal.App.2d 573, 575-577 (*Wilson*), *Heidary v. Yadollahi* (2002) 99 Cal.App.4th 857, 862, 864 (*Heidary*), and section 594, subdivision (a), Tawansy argues that the trial court may not enter a default against a party for failing to appear on the first day of trial if that party has filed an answer to the operative complaint.  Because he filed a response to RIF Investments-3's cross-complaint, Tawansy continues, the trial court was without power to enter a default against him when he did not appear on the first day of trial.  By its terms, this argument has no application to the portion of the trial court's order dismissing Tawansy's complaint (because the court did not enter a default as to that complaint).  More to the point, this argument ignores that the trial court in this case struck Tawansy's answer to the cross-complaint prior to entering a default; this means that there was no answer on file at the time the court entered default, and thus renders *Wilson*, *Heidary* and section 594 irrelevant.  Tawansy's reliance on this authority might have some force if we had concluded that the trial court had erred in striking his answer in the first place, but we have concluded to the contrary.

\*     \*     \*

In light of our analysis, we have no occasion to reach Tawansy's further attacks on the trial court's reasoning (e.g., *Cruz v. Sun World Internat., LLC* (2015) 243 Cal.App.4th 367,

25

373, overruled in part on other grounds as stated in *Noel v. Thrifty Payless, Inc.* (2019) 7 Cal.5th 955, 986) or RIF's alternative arguments for affirmance.  We also deny RIF's request to award attorney fees on appeal because its request is unsupported by any authority or argument.  (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 [argument not supported with "reasoned argument" is waived].)

## DISPOSITION

The order is affirmed in part (as to the denial of the motion to set aside the dismissal of plaintiff's complaint as to Farhadi and Ghadir) and, as to the remainder, construed as a petition for a writ of mandate and denied.   RIF is entitled to its costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
HOFFSTADT


We concur:


_____, P. J.
LUI


_____, J.
ASHMANN-GERST

26